**William R. FERGUSON, Claimant–Appellant,**

**v.**

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 01–7012.**

United States Court of Appeals, Federal Circuit.

Dec. 4, 2001.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, for claimant-appellant.

William L. Olsen, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Stuart E. Schiffer, Acting Assistant Attorney General; David M. Cohen, Director; and Kathryn A. Bleecker, Assistant Director. Of counsel on the brief were Richard J. Hipolit, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, Department of Veterans Affairs, of Washington, DC.

Before MICHEL, RADER and SCHALL, Circuit Judges.

MICHEL, Circuit Judge.

William Ferguson appeals the September 15, 2000, decision of the United States Court of Appeals for Veterans Claims, No. 98–637, affirming the Board of Veterans' Appeals ("Board") decision which denied his claim and holding that 38 U.S.C. § 5107(b) did not apply because the Board correctly found that the probative evidence against Mr. Ferguson's claim outweighed the probative evidence supporting the claim. Section 5107(b) applies only if the evidence for and against the claim is in "approximate balance." Thus, that section did not need interpretation, for on its plain meaning it was held inapplicable. Because it included no interpretation of any ambiguity in statutory language, the Court of Appeals for Veterans Claims decision was no more than an application of law to the facts. Therefore, under 38 U.S.C. § 7292(d)(2), we cannot review the decision but must dismiss the appeal for lack of jurisdiction.

## Background

Ferguson served in the U.S. Marine Corps from August 1953 through August 1956. While on active duty, Ferguson fell off a fire truck, hitting his head and losing consciousness.

In April 1989, Mr. Ferguson submitted a claim for service connection for residuals from that head injury. In April 1990, the Department of Veterans Affairs Regional

Office ("RO") denied the claim. The Board affirmed in October 1991, and in April 1993, the Court of Appeals for Veterans Claims remanded with instructions for additional fact-finding. In May 1995, the Board held a hearing, and in March 1996, the Board remanded with instructions to the RO to provide a special psychiatric exam. The RO did so and again denied the claim. In March 1998, the Board held that because "the probative evidence against the appellant's claim outweighs the probative evidence supporting it, the Board finds that service connection for residuals of a head injury is not warranted." Board of Veterans' Appeals, No. 91–24–079, at 28 (Mar. 31, 1998). Therefore, the Board held 38 U.S.C. § 5107(b) was inapplicable because "the evidence is not in relative equipoise." *Id.*

On appeal to the Court of Appeals for Veterans Claims, Mr. Ferguson argued, among other things, that he was denied the benefit of the doubt afforded by § 5107(b). On September 15, 2000, the Court of Appeals for Veterans Claims affirmed the Board. Mr. Ferguson timely appealed. Our jurisdiction can only rest upon 38 U.S.C. §§ 7292(a), (c), or (d)(1).

## Discussion

### I.

■ Unless an appeal presents a constitutional issue, this court may not review a challenge to a "factual determination" or to *"the application of a law or regulation to the facts of a particular case." See* 38 U.S.C. § 7292(d)(2) (emphasis added). Mr. Ferguson's two contentions on appeal are that the Court of Appeals for Veterans Claims misinterpreted 38 U.S.C. § 5107(b) and 38 U.S.C. § 105(a).

■ Counsel for the claimant concedes, however, that § 105(a) was neither raised by him nor addressed by the court below.

The Court of Appeals for Veterans Claims opinion did not discuss § 105(a). The opinion merely explains that in order to invoke the service-connection presumption, a veteran must prove a current disability. *See Ferguson v. Gober,* No. 98–637, slip op. at 4 (Ct.App.Vet.Cl. Sept. 15, 2000). The fact of current disability, however, has nothing to do with whether the injury causing the disability occurred in service, as opposed to subsequently. Therefore, whether service connection must be presumed was not even implicated in the court's analysis. Thus, we can confidently deduce that the court made no interpretation of § 105(a).

Mr. Ferguson also argues that the Court of Appeals for Veterans Claims erred by interpreting 38 U.S.C. § 5107(b) to limit the weighing of evidence to *"probative* evidence" only, rather than *all* the evidence. But, as is evident from its opinion, the court did not interpret § 5107(b); it merely applied the statute. The statute requires only that all the evidence and material of record be "considered," *see* 38 U.S.C. § 5107(b), and the court's opinion makes clear in its conclusion that the Board did consider all of it. *See Ferguson v. Gober,* slip op. at 4–5. The Board simply found that at least some of the evidence was not probative, and that it therefore had no impact on the balancing of positive and negative evidence. Board of Veterans' Appeals, No. 91–24–079, at 28.

The Court of Appeals for Veterans Claims concluded that the Board was correct in evaluating whether each piece of evidence is probative before weighing it, either separately or against other evidence. *See Madden v. Gober,* 125 F.3d 1477, 1481 (Fed.Cir.1997) (stating that the Board has a duty to "analyze the credibility and probative value of evidence *sua sponte,* when making its factual findings"). After reviewing the Board's decision, the

court stated that "the Board concluded that the probative evidence against Mr. Ferguson's claim outweighed the probative evidence supporting the claim. Thus the evidence was not in equipoise but rather preponderated against his claim. Therefore, the benefit-of-the-doubt doctrine was not applicable." *Ferguson v. Gober*, slip op. at 5–6. This text not only establishes that the Court of Appeals for Veterans Claims did not interpret the statute explicitly, but also precludes any inference that it did so implicitly. According to 38 U.S.C. § 5107(b):

> [t]he Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant.

The language of § 5107(b) is unambiguous and Mr. Ferguson did not argue otherwise. That is, he did not point to any ambiguous term and urge one of several plausible interpretations as the correct one. Accordingly, there was nothing for the Court of Appeals for Veterans Claims to interpret. It merely accepted the Board's finding that there was no "approximate balance" and the holding that the statute therefore did not apply. Nowhere in the Court of Appeals for Veterans Claims opinion is there a suggestion of statutory interpretation. While citations to § 5107(b) appear four times in the sev-en-page opinion, each merely paraphrases the statutory language, without interpretation.

## II.

There has been much litigation, including *en banc*, over 38 U.S.C. § 7292 involving what "any interpretation . . . relied on" ((a)); "any interpretation [of a statute or regulation] . . . presented and necessary to a decision" ((c)); and "any interpretation . . . relied upon" ((d)(1)) mean.[1] We need not address what these phrases, mean or whether they have any jurisdictional effect, for we know that an "interpretation" *cannot* mean the mere application of a statute or regulation to the facts of a case:

> [e]xcept to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals [for the Federal Circuit] may not review (A) a challenge to a factual determination, or (B) *a challenge to a law or regulation as applied to the facts of a particular case.*

38 U.S.C. § 7292(d)(2) (emphasis added). Any interpretation of § 7292 that would permit this court to consider a non-constitutional challenge to a law or regulation as applied to the facts would nullify subsection (d)(2).

Section 7292(d)(2) is as clear as it is explicit. Our jurisprudence, therefore, has mostly repeated rather than explained this rule. *See, e.g., Bustos v. West*, 179 F.3d 1378, 1380 (Fed.Cir.1999) ("[W]e may not review a challenge to a factual determination or a challenge to a law or regulation

---

**1.** We note in passing that the distinction critical here, that between questions of law and questions of fact, does not implicate the issues pending before our *en banc* court in *Forshey v. Principi*, No. 99–7064, argued October 3, 2001, which involves only the meaning of the "relied on" language found in 38 U.S.C. § 7292(a) and related language in § 7292(c). The present appeal, by contrast, deals only with the application of law or regulation to the facts of a particular case, the review of which is expressly prohibited by 38 U.S.C. § 7292(d)(2). In *Forshey*, furthermore, neither the questions that we ordered the parties to brief nor the oral argument by either party implicated section 7292(d)(2).

as applied to the facts of a particular case."). The provision's legislative history makes its terms even clearer. During the debates about the bill that became the statute, Sen. Murkowski, the Veterans Committee ranking minority member, stated, "[t]he Federal circuit [sic] cannot review whether, in a particular case, a law or regulation was applied inappropriately." 134 Cong. Rec. 31,482; *see also* H.R.Rep. No. 100–963 at 9, 35, 36 (1988), U.S.Code Cong. & Admin.News 1988, 5782, 5790, 5817–5819 ("*[N]either the CAFC nor any other court would be authorized to review the facts of the appeal or the application of any law or regulation to those facts* unless it is alleged that a constitutional issue is presented.... The CAFC would be *prohibited from* reviewing or altering any factual determination made by the CVA or the Administrator, or *reviewing the application of any law or regulation to those facts,* unless there is presented a constitutional issue.") (emphasis added.)

Mr. Ferguson argues "[i]n the present case, the CAVC determined that the veteran need not be afforded the benefit of the doubt because the BVA determined that there was more credible evidence weighing against the claim than supporting the claim. Such a determination constitutes a misinterpretation of 38 U.S.C. § 5107(b) because the statute requires that all evidence be considered, not just that evidence that the BVA finds to be more credible." (Appellant's Br. at 8.) In essence, Mr. Ferguson is arguing that the Court of Appeals for Veterans Claims misinterpreted § 5107(b) because it affirmed the Board's holding that § 5107(b) did not apply. This argument is illogical and meritless. In fact, the Board considered all the evidence, then determined that the requirement that there be "an approximate balance of positive and negative evidence" was not met, meaning § 5107(b) was not applicable. This involves no interpretation of the stat-

ute. Mr. Ferguson similarly argues that "[t]he statute must be applied in the adjudication of every claim and any interpretation which deprives the veteran of the 'benefit of the doubt rule' is erroneous." (Appellant's Br. at 7.) Such a sweeping statement is wrong in equating "applied" with "interpretation." The benefit-of-the-doubt provision only applies when there is "an approximate balance of positive and negative evidence." Here, the Board determined there was no approximate balance and, accordingly, it could not apply § 5107(b). The court below agreed, and it was correct.

When, as here, a statute is unambiguous on its face, the parties did not argue for differing interpretations, and the Court of Appeals for Veterans Claims opinion is silent on adopting a particular statutory construction, the only logical conclusion is that the statute was not being interpreted, only applied. Therefore, § 7292(d)(2) applies and subsections (a), (c), and (d)(1) do not, because there was no interpretation of the statute. Thus, under subsection (d)(2) this court does not have jurisdiction over the appeal.

## Conclusion

Because it is clear that the Court of Appeals for Veterans Claims merely *applied* the statute to the facts, its decision falls outside our jurisdiction under the express terms of 38 U.S.C. § 7292(d)(2). Therefore, this appeal may not be decided on the merits but must be, and is

*DISMISSED.*

SCHALL, Circuit Judge, dissenting.

I express no views on either the jurisdictional issue or the merits of this case. Rather, I respectfully dissent from the decision to decide the case at this time. In my view, proceedings in this case should

be stayed until the court issues its en banc decision in *Forshey v. Principi*, No. 99–7064.

On February 5, 2001, the court issued an order (i) granting the government's petition for rehearing en banc in *Forshey;* (ii) vacating the judgment of the court entered in *Forshey* on September 20, 2000, reported at 226 F.3d 1299 (Fed.Cir.2000); and (iii) withdrawing the opinion of the court accompanying the judgment in *Forshey.* The February 5 order described the en banc proceedings as follows:

> This court has determined to hear this case en banc in order to resolve questions concerning the jurisdiction of this court, under 38 U.S.C. § 7292 (1994), to hear appeals from the United States Court of Appeals for Veterans Claims. The en banc deliberations will focus on this case and on the rationale and holdings of this court in the following cases: *Belcher v. West,* 214 F.3d 1335 (Fed.Cir. 2000); *Smith v. West,* 214 F.3d 1331 (Fed.Cir.2000); *In re Bailey,* 182 F.3d 860 (Fed.Cir.1999).

The order then proceeded to set forth four questions to be briefed by the parties in connection with the en banc proceedings. The court heard oral argument en banc in *Forshey* on October 3, 2001. The case is now under submission for a decision.

In this case, claimant-appellant Ferguson contends that the United States Court of Appeals for Veterans Claims misinterpreted 38 U.S.C. § 5107(b) when it affirmed the decision of the Board of Veterans Appeals denying his claim for service connection for residuals of a head injury. In dismissing Ferguson's appeal for lack of jurisdiction, the majority takes the position that the Court of Appeals for Veterans Claims did not interpret § 5107(b). Rather, it states, the court only applied the statute. In my view, the question of whether, in this case, the Court of Appeals for Veterans Claims interpreted § 5107(b) or only applied it implicates the en banc proceedings in *Forshey.* In short, I believe that the decision in *Forshey,* whatever it turns out to be, could control the resolution of the jurisdictional issue in this case. Under these circumstances, it seems to me that the proper course is to not decide this case until *Forshey* is decided. For that reason, as stated above, I respectfully dissent from the decision to decide the case at this time.