Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7225

VICTOR W. THACKER,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

Victor W. Thacker, of Gray Court, South Carolina, pro se.

Gregg M. Schwind, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.  Of counsel on the brief was David J. Barrans, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge William A. Moorman

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7225

VICTOR W. THACKER,

Claimant-Appellant,

v.

GORDON H. MANSFIELD,
Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:    October 25, 2007

_____

Before NEWMAN, RADER, and DYK, Circuit Judges.

PER CURIAM.

Victor W. Thacker ("Thacker") appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). Thacker v. Nicholson, No. 04-2092 (Vet. App. Feb. 28, 2007). The Veterans Court affirmed a decision of the Board of Veterans' Appeals ("Board") denying Thacker's claim for service connection for heart-related health problems, including coronary artery disease and myocardial infarction. Because this appeal involves only issues that fall outside this court's jurisdiction, we dismiss.

BACKGROUND

Thacker served in active military duty from September 1968 to August 1972 and from July 1985 to October 1994. While in active service, in 1989, Thacker was exposed

to an electric current and received a severe shock, for which he received medical treatment. Thereafter, Thacker made numerous complaints of chest pain. Thacker was diagnosed with possible angina in September 1990, while still in active military service. Thacker suffered an inferior myocardial infarction in February 1997. He was diagnosed with coronary artery disease in April 1998, and has since continued to suffer from heart-related health problems.

Thacker filed a claim for service connection for his heart condition in September 1997. A Department of Veterans Affairs ("VA") regional office ("RO") denied Thacker's claim in January 1999. In May 2003, the Board concluded that two prior VA cardiac examinations had not considered sufficiently whether any of Thacker's heart problems were related to his service, and, pursuant to the VA's duty to assist, remanded the case for further evaluation. In an opinion dated July 21, 2004, after Thacker's third VA medical exam, the Board upheld the VA's conclusion that Thacker's heart disability was not service connected, and concluded that the VA had satisfied its duty to assist.

Thacker appealed to the Veterans Court, challenging the Board's conclusion that his VA cardiac exams had satisfied the VA's duty to assist and asserting that the exams failed to consider the possibility of nexus between his electrical shock and his cardiac-related health problems. It found that Thacker had received three medical examinations performed by the VA, at least one of which directly addressed the claimed connection between the electric shock and his heart condition. The court noted that all three examinations concluded that his heart condition was not service related. The Veterans Court affirmed the Board's decision, finding that the Board's determination that there

had been no violation of the duty to assist was not clearly erroneous and was supported by plausible evidence in the record. Thacker appeals.

## DISCUSSION

We have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). However, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Thacker primarily argues that the Veterans Court and the Board did not properly weigh the medical evidence that his heart-related health problems were caused by the electrical shock he suffered while in active service. This argument challenges the factual determinations reached by the Board and found by the Veterans Court to be supported by the record and not clearly erroneous, and is not within our jurisdiction.

Construing Thacker's pro se submission liberally, Durr v. Nicholson, 400 F.3d 1375, 1380 (Fed. Cir. 2005), it appears that he may also raise the same duty to assist argument that he made before the Veterans Court, asserting that his VA cardiac examinations did not explore adequately the possibility of a connection between the electrical shock and his heart-related health problems. The Veterans Court rejected the factual premise of this argument, Thacker v. Nicholson, No. 04-2092, slip op. at 3, and this court is without jurisdiction to review this factual determination.

Finally, Thacker asserts that he was not afforded an opportunity to appear in person before the Board. While it is possible that such an argument could be liberally

2007-7225

3

construed to raise a Due Process challenge, Thacker's argument in this regard fails to raise a substantial constitutional claim because there is no constitutional right to appear in person before the Board. Accordingly, this argument is insufficient to confer jurisdiction upon this court. <u>See</u> <u>Ferguson v. Principi</u>, 273 F.3d 1072, 1076 (Fed. Cir. 2001) (holding veteran's meritless argument invoking statutory interpretation insufficient to confer jurisdiction on this court).

Thacker's appeal is <u>dismissed</u>.

No costs.