NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7066

CARRIE SHULTZ,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Carrie Shultz, Bennington, Vermont, pro se.

Ellen M. Lynch, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director.  Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Tracey P. Warren, Attorney, United States Department of Veterans Affairs, of Washington, DC.  Of counsel was Michael J. Timinski, Deputy Assistant General Counsel.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7066

CARRIE SHULTZ,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-0637, Judge Mary J. Schoelen.

_____

DECIDED: November 14, 2008

_____

Before MAYER, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

Carrie Shultz, the surviving spouse of Elmer E. Shultz, appeals a decision of the Court of Appeals for Veterans Claims affirming a Board of Veterans' Appeals decision that: (1) denied her claim for service connection for her husband's actinic keratoses and basal cell epithelioma, and (2) denied her claim for additional monthly dependency and indemnity benefits. Shultz v. Nicholoson, No. 05-0637 (Ct. Vet. App. Sept. 28, 2007). We dismiss for lack of jurisdiction.

Our authority to review a decision of the Veterans Court is limited. We may review such a decision only to the extent that it pertains to the validity of "a rule of law or

of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter)," or "to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. §§ 7292(a), 7292(c). Absent the presentation of a constitutional issue, we do not otherwise have jurisdiction to review either "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Shultz does not assert that the Veterans Court misinterpreted a statute or regulation or that her case presents constitutional issues. Instead, she challenges the board's factual determination that her husband's actinic keratoses and basal cell epithelioma were not caused, or chronically worsened, by his service-connected malignant melanoma. Furthermore, she asserts that she is entitled to additional benefits because the Veterans Court should have found that her husband was 100 percent disabled from melanoma as of 1958.

This court lacks jurisdiction to "review any challenge to a factual determination or any challenge to a law or regulation as applied to the facts of a particular case." Buchanan v. Nicholson, 451 F.3d 1331, 1334 (Fed. Cir. 2006) (citations and internal quotation marks omitted); Ferguson v. Principi, 273 F.3d 1072, 1074-75 (Fed. Cir. 2001). Because Shultz's appeal involves only challenges to factual determinations regarding service connection, we are without jurisdiction to consider it.