NOTE: This disposition is non-precedential.

# United States Court of Appeals for the Federal Circuit

---

**PETER L. MATTRESS, SR.,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7068

---

Appeal from the United States Court of Appeals for Veterans Claims in 09-3860, Judge Donald L. Ivers.

---

Decided: June 9, 2011

---

PETER L. MATTRESS, SR., of Cincinnati, Ohio, pro se.

SARAH A. MURRAY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Coun-

sel, and CHRISTA A. SHRIBER, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before LOURIE, GAJARSA, and DYK, *Circuit Judges*.

PER CURIAM.

Peter Mattress appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board") denial of his claim for service connection for a lower-back disorder. *Mattress v. Shinseki*, No. 09-3860, 2010 WL 5080074, at *1 (Vet. App. 2010). Because Mr. Mattress challenges only factual determinations, we *dismiss* for lack of jurisdiction.

## BACKGROUND

Mr. Mattress served on active duty in the United States Army from March 1984 to October 1988. Mr. Mattress' service medical records indicate that he was seen in May 1984 with complaints of back pain, but had no history of trauma. During an in-service physical in June 1985, Mr. Mattress denied having any recurrent back pain, and his spine was noted as normal. In August and September 1986, Mr. Mattress complained of neck pain that he said had begun in 1984, and he was diagnosed with acute recurrent cervical muscle spasms. In November 1987, Mr. Mattress was also diagnosed with a lumbar muscle strain.

At a Department of Veterans Affairs ("VA") medical examination in March 1989, Mr. Mattress reported that he heard something "snap" while doing pushups in the service and was diagnosed with fibromyositis in the left trapezius muscle. Resp't's App. 16. In June 1989, a VA

Regional Office ("RO") granted service connection for Mr. Mattress' neck disability and assigned the disability a noncompensable rating.

In September 2000, Mr. Mattress was treated at a VA urgent care center for pain in his lower back and an inability to support weight on his right leg after picking up a box of books at work. In October 2000, Mr. Mattress reported the same complaints, and again said that the pain began after he lifted a box of books. During treatment in October 2000, Mr. Mattress said he had not previously had a lower back disorder. Mr. Mattress was treated at a VA medical center between February 2002 and January 2003 for lower back and right leg pain. Magnetic resonance imaging tests in February and June 2003 revealed protrusion, dessication, and herniation of the focal disk in his lumbar spine. The Chief of Neurosurgery at the VA medical center concluded that the workplace injury in September 2000 aggravated Mr. Mattress' disk disease. November 2003 records from a private physician noted that Mr. Mattress injured his lower back while lifting a box at work. September 2004 records from a private treatment also noted that Mr. Mattress' lower back symptoms began as a result of the September 2000 work injury.

In December 2003, Mr. Mattress filed a claim for service connection for a lower back disability. In May 2004, the RO denied service connection for that claim. Mr. Mattress appealed the RO's decision to the Board.

Mr. Mattress was given a spine examination in March 2005. The examiner concluded that his neck disability did not cause his lower back problem and said there was no evidence of a lower back disorder in the time between his military service and the work-related injury in September 2000. Mr. Mattress was given another VA spine examina-

tion in October 2006, and the examiner said that Mr. Mattress' symptoms at that time were not related to or caused by his time in military service. The examiner said that his lower back injury was a normal product of the aging process and had been aggravated by his September 2000 work-related injury.

In May 2007, Mr. Mattress had a hearing before the Board where he testified that he believed his lower back problems were linked to his military service. In August 2007, the Board remanded the claim to the RO for it to be developed more fully. In July 2009, Mr. Mattress had another spine examination, and the examiner determined that Mr. Mattress' lower back condition was "a degenerative joint disease of the lumbar spine" and was not related to either his military service or his neck disorder. *Mattress*, 2010 WL 5080074, at *2.

The Board found that Mr. Mattress was not entitled to service connection for a lower back disability. The Board noted that medical opinions from March 2005, October 2006, and July 2009 indicated that Mr. Mattress' lower back disorder was related to neither his military service nor his service-connected spine disability. The Board also found that there was no evidence that Mr. Mattress had a lumbar spine injury during service, apart from the acute lumbar muscle strain he suffered.

The Veterans Court affirmed the decision of the Board denying service connection for Mr. Mattress' lower back disability. *Mattress*, 2010 WL 5080074, at *4. The Veterans Court did not substantially address Mr. Mattress' request for a higher disability rating for his neck injury. *Id.* The court found that it did not have jurisdiction over that issue because the matter had not been previously decided by the Board. *Id.* Mr. Mattress timely filed this appeal.

STANDARD OF REVIEW

This court's jurisdiction to review decisions of the Veterans Court is limited by 38 U.S.C. § 7292. We have "jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). We "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case" unless the appeal raises a constitutional issue. 38 U.S.C. § 7292(d)(2); *Amberman v. Shinseki*, 570 F.3d 1377, 1380 (Fed. Cir. 2009).

DISCUSSION

Mr. Mattress raises only factual issues in his appeal. Mr. Mattress claims that 1) the VA doctor was biased in his decision finding that Mr. Mattress' back injury was not service connected, 2) an increase in the disability rating for his neck injury is required, and 3) his back sprain was not just a back sprain but actually a herniated disk. Pursuant to 38 USC § 7292(d), this court may not review challenges to factual determinations.

Mr. Mattress first raises the issue of whether the VA doctor was biased. The credibility of expert medical opinions is a question of fact. *Moberly ex rel. Moberly v. Sec'y of Health & Human Servs.*, 592 F.3d 1315, 1326 (Fed. Cir. 2010). Mr. Mattress' assertion that the VA doctor was biased raises no constitutional issue or allegation that a law or regulation was misinterpreted. Therefore, the court does not have jurisdiction over this claim because it asks the court to consider the factual sufficiency of the evidence.

Mr. Mattress also requests an increase in the disability rating assigned to his neck injury. This issue was not decided by the Board, thus the Veterans Court found that it lacked jurisdiction over this claim. *Mattress*, 2010 WL 5080074, at *4 (citing *Jarrell v. Nicholson*, 20 Vet. App. 326, 331 (2006) (en banc)). The Veterans Court did not interpret any laws or regulations, rather it applied the law to the facts of the case. *Id.*; *see Ferguson v. Principi*, 273 F.3d 1072, 1075-76 (Fed. Cir. 2001). As the disability rating is a factual determination and was not addressed on the merits by the Veterans Court, the issue is not reviewable by this court.

Finally, Mr. Mattress claims that his back injury was "much more than just a back sprain" and "was the result of [a] herniated disc." Pet's Br. 2. The accuracy of the findings in medical records is a question of fact. *Waters v. Shinseki*, 601 F.3d 1274, 1277 (Fed. Cir. 2010). Mr. Mattress' claim that his back injury was more than a sprain raises no constitutional issue or allegation that either a law or regulation was wrongly interpreted. Therefore, the court does not have jurisdiction over this claim because it asks the court to review a factual determination.

## CONCLUSION

Accordingly, because Mr. Mattress raises only factual issues in this appeal, which are beyond the scope of this court's review, we dismiss for lack of jurisdiction.

No Costs.