NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PATRICK N. ANDERSON,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI,**
**SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7134

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-2334, Judge Lawrence B. Hagel.

---

Decided: October 14, 2011

---

PATRICK N. ANDERSON, of Mobile, Alabama, pro se.

MICHAEL N. O'CONNELL, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director. Of

counsel on the briefs were DAVID J. BARRANS, Deputy
Assistant General Counsel, and DANA RAFFAELLI, Attorney, United States Department of Veterans Affairs, of
Washington, DC.

———————————

Before NEWMAN, CLEVENGER, and O'MALLEY, *Circuit
Judges*,

PER CURIAM.

Patrick Anderson ("Anderson") appeals the decision of
the United States Court of Appeals for Veterans Claims
("Veterans Court") affirming the judgment of the Board of
Veterans Appeals ("Board"). *Anderson v. Shinseki*, No.
09-2334, 2011 WL 338724 (Vet. App. Feb. 4, 2011) ("*Vet.
Ct. Op.*") The Veterans Court affirmed the Board's judgment because it concluded that the Board did not err
when it determined there was no clear and unmistakable
error ("CUE") in a November 2006 Board decision, which
denied Anderson Veterans Administration ("VA") benefits
for his low back disorder. In addition, the Veterans Court
dismissed Anderson's vague due process claim as well as
his claim that the VA violated the criminal provisions of
18 U.S.C. § 1001 and the civil provisions of 31 U.S.C. §
3729 by including knowingly false statements in his VA
medical report. Anderson argues that the Veterans Court
erred in finding no CUE because the Board failed to
apply: (1) the presumption of soundness; and (2) the
benefit-of-the-doubt doctrine. With respect to Anderson's
claims that the Veterans Court dismissed, Anderson
argues that the Veterans Court erred in not transferring
these claims to a federal court with jurisdiction. Because
we conclude that this appeal does not invoke our rule of
law jurisdiction, challenge the validity of any statute or
regulation, any interpretations thereof, or raise any

constitutional controversies, we *dismiss* for lack of jurisdiction.

## BACKGROUND

Anderson served on active duty in the U.S. Army from July 1982 until July 1985. Appendix ("A") 1. In October 2000, Anderson filed a claim for VA benefits for his low back disorder. The claim was denied by a VA regional office ("RO") in February 2001. Anderson appealed this decision to the Board. After further factual development of the record, in November 2006, the Board denied Anderson's claim for VA benefits based on his low back disorder. *Anderson v. Shinseki*, No. 02-01 180, slip op. (Bd. Vet. App. Nov. 28, 2006). Reaching this conclusion, the Board found that "there was medical evidence showing mild degenerative disc disease at the L5-S1 disc with spondylolisthesis[1] at that location." A 2. The only medical evidence addressing the etiology of Anderson's lower back disorder, however, "was a January 2003 VA medical examiner's opinion stating that this pain may have been caused by a post-service, work-related back strain Anderson suffered in 1999, but was not related to any in-service event." *Id.* Because the Board found this opinion highly probative, the Board concluded that the weight of the evidence was against Anderson's claim that he suffered from an injury suffered while serving in the Army. Anderson did not appeal this decision, and it became final.

In May 2007, Anderson filed a motion with the Board,

---

[1]    Spondylolisthesis is "forward displacement . . . of one vertebra over another, usually the fifth lumbar over the body of the sacrum, or of the fourth lumbar over the fifth, usually due to a developmental defect in the pars interarticularis." *Dorland's Illustrated Medical Dictionary* 1779 (31st ed. 2007).

asserting that the November 2006 decision contained CUE. Specifically, Anderson alleged that the Board committed CUE by ignoring private medical records it received in August 2003, including x-ray results showing spondylolisthesis and grade 1 spondylolysis.[2] Anderson also asserted that his private physician informed him that he had been born with this impairment.

Responding to Anderson's motion, in April 2009, the Board concluded that the November 2006 decision did not contain CUE. *Anderson v. Shinseki*, No. 07-32 363, slip op. (Bd. Vet. App. Apr. 16, 2009) ("*2009 Bd. Op.*"), *aff'd*, 2011 WL 338724 (Vet. App. Feb 4, 2011). The Board found that, while the private medical records referenced by Anderson were not mentioned in the November 2006 decision, the evidence contained in the private medical records was cumulative to the evidence the Board expressly considered, ambiguous in some respects, and did not establish that Anderson had been born with spondylolisthesis or spondylolysis. The Board found that the record lacked "any evidence . . . establishing a medical relationship between [Anderson's] current back disability and active service . . . ." *2009 Bd. Op.*, slip op. at 10. The 2006 decision, therefore, did not contain CUE. Anderson appealed this decision to the Veterans Court.

Before the Veterans Court, Anderson challenged the Board's 2009 conclusion that the 2006 decision did not contain CUE. In addition, Anderson also claimed that: (1) the VA violated his rights under the Fifth Amendment to the U.S. Constitution by taking 7 years to fully adjudicate his claims and delayed adjudication because of racial prejudice; and (2) a VA medical examiner made false statements pertaining to the history of his back pain in a

---

[2] Spondylolysis is "dissolution of a vertebra . . . ." *Dorland's* at 1780.

January 2003 examination report, constituting criminal acts under 18 U.S.C. § 1001 and entitling him to civil damages pursuant to the False Claims Act, 31 U.S.C. § 3729. Addressing the merits of these claims, the Veterans Court concluded that: (1) the Board did not commit error when it concluded that the 2006 Board decision did not contain CUE; (2) Anderson's due process claim was too "abstract, vague, and therefore without merit;" and (3) it lacked subject matter jurisdiction over Anderson's claims related to the allegedly false statements contained in the VA examiner's report.

With respect to Anderson's CUE claim, the Veterans Court explained that its review of the Board's decision finding no CUE was limited to determining whether the Board's conclusion was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," *Vet. Ct. Op.*, 2011 WL 338724, at *2 (citing 38 U.S.C. § 7261(a)(3)(A)), and whether it was supported by an adequate statement of reasons or bases, *Id.* (citing 38 U.S.C. § 7104(d)(1)). After reviewing the record and discussing the Board's stated rationale for its decision, the Veterans Court determined that the Board's 2009 decision was not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law; and it contained an adequate statement of the reasons or bases for the decision. Specifically, the Veterans Court noted that

> the Board acknowledged June 2000 VA x-rays showing mild degenerative disc disease at L5-S1 with spondylolisthesis at that level and that VA treatment reports continued that assessment. It also expressly considered an April 2002 VA magnetic resonance image that confirmed degenerative disc disease at L5-S1 with anterolisthesis of L5 on S1.

*Id.* at *3. (internal quotations omitted). In light of this evidence, the Veterans Court determined that the Board's conclusion that Anderson's private medical records were merely cumulative to the evidence it considered was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The Veterans Court concluded, moreover, that the Board's stated reasons for finding that Anderson's evidence was ambiguous as to the etiology of his back injury were sufficient. The Veterans Court, therefore, affirmed the Board's determination that the 2006 decision did not contain CUE.

Turning to Anderson's due process claim, the Veterans Court concluded that, in light of the fact that the decision only took 6 years and that some of the delay was caused by Anderson, it amounted to a mere assertion of constitutional impropriety that was too vague to require that it be addressed on the merits by the Veterans Court. Finally, with respect to Anderson's claims arising from the allegedly false statements contained in the examiner's report, the Veterans Court determined that it lacked subject matter jurisdiction to hear these claims. Accordingly, the Veterans Court dismissed these claims as well as Anderson's due process claim.

Anderson filed a timely appeal.

## DISCUSSION

### I.

Our review of Veterans Court decisions is limited by statute. *See Yates v. West*, 213 F.3d 1372, 1373–74 (Fed. Cir. 2000). By statute, our jurisdiction over appeals from the Veterans Court is limited to those appeals that challenge the validity of a decision of the Veterans Court with respect to a rule of law or the validity of any statute or

regulation, any interpretations thereof, or that raise any constitutional controversies. *See* 38 U.S.C. § 7292 (2006). We do not have jurisdiction to hear appeals challenging factual determinations or the application of law to the facts of a particular case, unless there is a constitutional issue present. *See* 38 U.S.C. § 7292(d)(2) (2006).

## II.

On appeal, Anderson asserts that the Veterans Court erred because the Board: (1) improperly applied the presumption of soundness; (2) improperly applied the benefit-of-the-doubt doctrine; and (3) the Veterans Court should have transferred his due process claim and his claims relating to the false statements to a federal court with subject matter jurisdiction over those claims. The government argues that we lack subject matter jurisdiction over this appeal because Anderson's appeal does not actually challenge the Veterans Court's interpretation of any statute or rule of law, nor does it raise any constitutional controversies. For the reasons discussed below, we agree with the government. Accordingly, we lack subject matter jurisdiction and dismiss this appeal.

At the outset, we note that Anderson indicated on his informal brief, form 13, that his appeal does not involve: (1) the validity or interpretation of a statute or regulation; (2) a constitutional issue; or (3) any other issue which the Veterans Court decided incorrectly. Despite these statements, which amount to an admission that we lack subject matter jurisdiction over this appeal, and because of the pro-claimant character of the Veterans' benefits statutes and Anderson's *pro se* status, we will still consider the arguments Anderson makes in his informal brief.

Anderson's arguments boil down to his assertion that the Board erred by failing to apply the presumption of

soundness and the benefit-of-the-doubt doctrine to his case. On the facts before us, however, these arguments do not give rise to our jurisdiction over this appeal.

The presumption of soundness applies in situations where the veteran seeks benefits for an injury sustained while in service. *Dye v. Mansfield*, 504 F.3d 1289, 1293 (Fed. Cir. 2007) ("The 'presumption of sound condition' addresses the situation where a question arises whether the veteran's medical problems *that arose during service* existed before he joined the armed forces and, therefore, were not incurred 'in the line of duty.' ") (emphasis added). The presumption states that the veteran is presumed to have no pre-existing conditions except for any injuries noted in his enrollment examination. *See* 38 U.S.C. § 1111 (Presumption of Sound Condition for Wartime Disability Compensation); 38 U.S.C. § 1132 (Presumption of Sound Condition for Peacetime Disability Compensation). The presumption, therefore, puts the burden on the government to establish that an injury that occurred during service for which the veteran seeks benefits was not caused during service but was instead a pre-existing condition. *See generally Wagner v. Principi*, 370 F.3d 1089 (Fed. Cir. 2004) (discussing the presumption of soundness).

The benefit-of-the-doubt doctrine requires that "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit-of-the-doubt to the claimant." 38 U.S.C. § 5107(b). The doctrine, therefore, "only applies when there is 'an approximate balance of positive and negative evidence.' " *Ferguson v. Principi*, 273 F.3d 1072, 1076 (Fed. Cir. 2001).

On the facts of Anderson's case, neither the presumption of soundness nor the benefit-of-the-doubt doctrine are

applicable. Accordingly, neither the Board nor the Veterans Court were required to discuss the presumption or the doctrine. *See Robinson v. Shinseki*, 557 F.3d 1355, 1361 (Fed. Cir. 2009) (noting that the Board is not required to consider "claims which have no support in the record . . ."). As explained by the Board in 2009:

> In light of the lack of any medical evidence of a pre-existing back condition, the lack of evidence of a chronic back disability at the time of the moving party's separation from service, the lack of evidence of a degenerative disease in the spine for many years after service, and the lack of any evidence, such as a nexus opinion, establishing a medical relationship between the moving party's current back disability and active service or his service related right ankle disability, it was reasonable for the Board to deny service connection for a low back disorder at the time of its November 28, 2006 decision.

*2009 Bd. Op.*, slip op. at 10. In other words, the Board determined that there was insufficient evidence to establish that Anderson had a back injury when he left the Army, much less that he injured his back during service. The presumption of soundness does not apply in this situation. Application of the presumption of soundness is predicated on an injury sustained while the veteran is in service. In such circumstances, the presumption establishes a hurdle the government must overcome to deny service connection based upon the argument that the injury was a pre-existing condition. Here, by contrast, the Board concluded that Anderson injured his back after he left the Army. The presumption simply does not apply in this case.

Similarly, the benefit-of-the-doubt doctrine is also in-

applicable to Anderson's claim for service connection for his lower back injury. As discussed in *Ferguson*, the doctrine only applies when the positive and negative evidence are approximately balanced. 273 F.3d at 1076. As discussed by the Board in 2009, however, there was almost no evidence establishing that Anderson's back injury was a result of an injury that occurred while Anderson was in service. In contrast, the Board concluded that the record contained substantial evidence that Anderson's back injury was not caused by an injury sustained while he served, including: (1) a June 1985 separation examination reflecting no spinal abnormalities; (2) Anderson's testimony that he first sought post-service back treatment in 1990; and (3) a VA examiner opinion that Anderson's current low back disorder was unrelated to any event in active service, but that the injury may have been caused by a work related back strain in 1999.

Anderson alternatively argues that, because here is evidence that his low back disorder is congenital, the VA and the Veteran's Court should have applied the benefit-of-the-doubt rule to conclude that his condition was aggravated while in service. Again, however, the Board found no evidence of aggravation and concluded that all facts supported the conclusion that, whether his back disorder resulted from an aggravation of a latent childhood condition or from an injury, the triggering event post-dated his service.

When an appellant argues that the Veterans Court and the Board simply failed to apply an unambiguous statute, which is not applicable, and neither interpreted it, we lack subject matter jurisdiction over the appeal. *Ferguson*, 273 F.3d at 1076 (holding that the Federal Circuit lacked jurisdiction because, instead of interpreting the unambiguous statute, the Board and the Veterans

Court determined that it was not applicable). As we held in *Ferguson*, "[t]he benefit-of-the-doubt provision only applies when there is 'an approximate balance of positive and negative evidence.' Here, the Board determined there was no approximate balance and, accordingly, it could not apply § 5107(b). The court below agreed, and it was correct." *Id.*

Because Anderson's only claim of CUE is premised on the Board's and the Veterans Court's failures to apply the presumption of soundness and the benefit-of-the-doubt doctrine, which are clearly inapplicable under the facts of this case, we lack subject matter jurisdiction over this appeal. It appears that Anderson's real objections are to the Board's factual conclusions, which we may not review.

Finally, Anderson asserts that the Veterans Court erred by refusing to transfer his due process claim and his claims based on the allegedly false statements contained in the examiner's report. Anderson does not challenge the propriety of the Veterans Court's underlying rulings that led to these dismissals. Because the Veterans Court is not a court within the meaning of the transfer statue, 28 U.S.C. §§ 660, 1631; *see also Felder v. Shinseki*, 401 F. App'x 551, 552 (Fed. Cir. 2010) (unpublished decision), however, we have no subject matter jurisdiction over this question; it does not involve the interpretation of a statute.

For the reasons discussed above, we lack jurisdiction to hear this appeal because it does not involve the validity of any statute or regulation, an interpretation thereof, rule of law, or raise any constitutional controversies.

**DISMISSED**

COSTS

Each party shall bear its own costs.