NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BERNARD DUNCAN,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7043

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-3665, Chief Judge Bruce E. Kasold.

---

Decided: May 14, 2014

---

BERNARD DUNCAN, of Chase City, Virginia, pro se.

MARTIN M. TOMLINSON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT SNEE, Acting Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and AMANDA R. BLACKMON,

Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before NEWMAN, PLAGER, and MOORE, *Circuit Judges.*

PER CURIAM.

Mr. Bernard Duncan *pro se* appeals from the judgment of the United States Court of Appeals for Veterans Claims ("CAVC"). The CAVC affirmed the decision by the Board of Veterans Appeals ("Board") denying (1) an effective date prior to April 22, 1998, for assignment of a 50-percent disability rating and (2) a disability rating in excess of 60-percent from August 30, 2002, for a service-connected skin disability. Because Mr. Duncan does not raise any challenges to statutory, regulatory, or constitutional interpretation or application, we dismiss this appeal for lack of jurisdiction.

BACKGROUND

Mr. Duncan served on active duty from March 1978 to May 1980. While in service, he was treated for the skin condition pseudofolliculitis barbae ("PFB"). Mr. Duncan filed several claims for service connection for his skin disability, including a claim in 1983, which was denied for failure to prosecute, and a claim in 1986 in which the Department of Veterans Affairs ("VA") regional office ("RO") granted service connection for PFB, determining that the severity of the condition warranted the assignment of a 10-percent disability rating. Mr. Duncan did not appeal either of these findings and they were made final.

Mr. Duncan's present claim dates back to March 1999 when he filed a claim seeking a higher disability rating and asserted, for the first time, that his service-connected PFB affected his ability to obtain employment. Since 1999, Mr. Duncan has filed a variety of appeals to the

Board and to the CAVC, and undergone multiple VA examinations seeking to alter his disability rating. The Board issued a May 2003 decision, awarding Mr. Duncan an effective date of April 22, 1998, for the 30 percent rating for the skin disorder and increased the rating for the skin disorder from 30 to 50 percent, which the RO, in June 2003, made effective April 22, 1998, and increased the rating for the skin disorder to 60 percent, effective August 30, 2002.

The present case stems from Mr. Duncan's petition to the CAVC appealing an October 27, 2011 Board decision. In a July 24, 2013 decision, the CAVC affirmed the Board decision denying an effective date prior to April 22, 1998, for a 50% disability rating, and denying a disability rating in excess of 60% from August 30, 2002, for a service-connected skin disorder. *Duncan v. Shinskei*, No. 11-3665 (Vet. App. Jul. 24, 2013).[1]

Mr. Duncan petitioned to this court to review the CAVC's affirmance of the Board decision. Pursuant to 38 U.S.C. § 7292(d), we lack jurisdiction over this case.

### DISCUSSION

This court has jurisdiction to review a decision of the CAVC "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [CAVC] in making the decision." 38 U.S.C. § 7292(a). Pursuant to 38 U.S.C. § 7292(c), we also have jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under

---

[1]    Mr. Duncan filed a motion for panel review, and a three-judge panel affirmed the underlying single-judge decision. *Duncan v. Shinskei*, No. 11-3665 (Vet. App. Oct. 24, 2013).

this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision."

On appeal, Mr. Duncan makes three main arguments: (1) that the Board and CAVC did not accept the "whole" record before rendering their decision, Appellant Br. 3; (2) that the examination report based on a medical examination performed by Dr. Cynthia McMurtry in May 2011 is "bogus, 'fraudulent' and retaliating," *id.* 2, as well as "'fraudulent and deceitful,' racist and retaliating" *id.* 4; and (3) that the CAVC decision affirms a decision of the Board that was based upon an "incomplete record." *Id.* 6-7.

In contesting whether the Board considered certain evidence in conducting its analysis, Mr. Duncan appeals a procedural issue, rather than the review of the CAVC's interpretation or application of any statute or regulation. This argument is outside the jurisdiction of this court. *See* 38 U.S.C. § 7292(a). Additionally, Mr. Duncan's argument that the Board's decision is based on an allegedly "fraudulent" medical report fails to point to any statute or regulation interpreted or applied by the CAVC. Instead, Mr. Duncan's argument goes to the weight that the Board gave this evidence, a factual finding beyond this court's jurisdiction under 38 U.S.C. § 7292(d)(2).

Further, Mr. Duncan's argument that the Board failed to consider all of the evidence by failing to consider an October 2013 medical report in reaching its determination omits the fact that the October 2013 medical examination was not before the Secretary and the Board because the Board issued its decision in 2011, prior to this medical examination. Therefore, the medical examination was not part of the record the CAVC reviewed. *See* 38 U.S.C. § 7252(b) ("[r]eview in the [CAVC] shall be on the record of proceedings before the Secretary and the Board."). A challenge to the CAVC's application of 38

U.S.C. § 7252(b) to its review of Mr. Duncan's case is outside of this court's jurisdiction because it does not involve the interpretation of a statute, only its application to Mr. Duncan's particular case. *See*, *e.g.*, *Ferguson v. Principi*, 273 F.3d 1072, 1076 (Fed. Cir. 2001) (holding that "[w]hen . . . a statute is unambiguous on its face, the parties do not argue for differing interpretations, and the Court of Appeals for Veterans Claims opinion is silent on adopting a particular statutory construction, the only logical conclusion is that the statute was not being interpreted, only applied"); 38 U.S.C. § 7292(d)(2).

Mr. Duncan's arguments do not raise any issues relating to the CAVC's interpretation of any statute or regulation or relating to the CAVC's decision to apply or not apply a particular statute.[2] Therefore, we may not exercise jurisdiction over this appeal under 38 U.S.C. § 7292(d)(2)(B).

CONCLUSION

We have considered the remaining arguments and do not find them persuasive. For the foregoing reasons, the appeal is dismissed for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.

---

[2] Although in his informal brief Mr. Duncan checks the "yes" box for the question "Did the Court of Appeals for Veterans Claims decision involve the validity or interpretation of a statute or regulation?," he fails to make such an argument in his attached papers.