NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROGER A. ANDERSON,**
*Claimant-Appellant*

v.

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-2197

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-3830, Senior Judge Alan G. Lance, Sr.

---

Decided: November 13, 2017

---

ROGER A. ANDERSON, Cottage Grove, MN, pro se.

ISAAC B. ROSENBERG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE; BRIAN D. GRIFFIN, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Roger A. Anderson appeals from the decision of the United States Court of Appeals for Veterans Claims affirming the Board of Veterans' Appeals decision denying Mr. Anderson's claimed entitlement to an earlier effective date for his service-connected ischemic heart disease. For the reasons discussed below, we *dismiss* this appeal for lack of jurisdiction.

BACKGROUND

Mr. Anderson is a veteran who served in the United States Army. He served on active duty from September 1967 to September 1970, and his service included a period in the Republic of Vietnam where he presumptively was exposed to Agent Orange.

In July 2001, Mr. Anderson initiated a claim with the St. Paul, Minnesota Regional Office ("RO") seeking service connection for his Type 2 diabetes and high blood pressure. In a February 2002 rating decision, the RO granted his request for service connection for his diabetes and high blood pressure, and assigned an effective date of July 9, 2001.

Ten years later, in July 2011, Mr. Anderson filed a claim with the RO seeking service connection for a blunted heart rate response to exercise with possible myocardial ischemia. In an October 2011 rating decision, the RO denied service connection for a lack of clinical diagnosis of this condition. Mr. Anderson filed a notice of disagreement against the decision, but he did not file an appeal. Accordingly, the RO's October 2011 decision became final one year after it issued. 38 C.F.R. § 20.302.

In November 2012, Mr. Anderson sought to reopen his claim for service connection for heart disease. The RO granted the request, noting that ischemic heart disease was recently added to the list of disabilities recognized as being related to herbicide exposure and that Mr. Anderson established a clinical diagnosis in a January 2013 examination. The RO assigned a 100-percent disability rating and an effective date of November 9, 2012, the date Mr. Anderson had sought to reopen his claim.

In March 2014, Mr. Anderson appealed the RO's effective date determination to the Board of Veterans' Appeals ("Board"). On September 21, 2015, the Board denied Mr. Anderson's claim, and maintained the November 9, 2012 effective date.

In making this decision, the Board cited the applicable law governing Mr. Anderson's effective date for his heart condition. "[T]he effective date of an evaluation and award of pension, compensation or dependency and indemnity compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement rose, whichever is the later." App. 8; 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. The Board reasoned that the later date of Mr. Anderson's November 2012 request to reopen his claim for service-connected heart disease controlled. The Board next addressed Mr. Anderson's three arguments.

First, Mr. Anderson argued the information he submitted in support of his 2001 claim for diabetes and high blood pressure also supported his claim for service-connected heart disease. The Board disagreed. While recognizing that a veteran may claim benefits informally and that the Board had a duty to "fully and sympathetically develop a Veteran's claim to its optimum," the Board reasoned that Mr. Anderson "did not assert prior to

2011—either expressly or impliedly—that he had a heart disorder which should be service-connected." App. 10.

Second, although Mr. Anderson alleged that he had heart disease in 2001, the Board reasoned that even if true, this date was not controlling because the later date between the onset of a condition and a request to reopen service connection controls. App. 11.

Third, Mr. Anderson sought an earlier effective date based on certain regulations enacted in response to the *Nehmer v. United States Veterans' Administration* class action litigation. However, the Board explained that those regulations would apply only if Mr. Anderson had submitted a claim for service-connected heart disease before August 2010. In this case, the Board reasoned, the earliest date Mr. Anderson submitted a claim for service-connected heart disease was July 2011.

Mr. Anderson appealed the Board's decision to the United States Court of Appeals for Veterans Claims ("Veterans Appeals Court"). The Veterans Appeals Court affirmed, finding that the Board did not clearly err in determining that November 9, 2012 was the proper effective date for Mr. Anderson's service-connected heart disease. App. 2. Mr. Anderson argued that the information he provided in support of his 2001 claim for diabetes and high blood pressure also supported his claim for heart disease, but the Veterans Appeals Court disagreed. It found that "the Board explicitly found that [Mr. Anderson] expressed no intent to file a heart disease claim in 2001, despite the submission of medical evidence" and the Veterans Appeals Court found no error in this determination. App. 3. In response to Mr. Anderson's argument that the evidence was in equipoise such that he was entitled to the benefit of the doubt, the Veterans Appeals Court reasoned that "the Board specifically determined that the evidence of record was not in equi-

poise, and the appellant has not demonstrated that this determination was incorrect." App. 4.

Mr. Anderson sought reconsideration and panel review of the Veterans Appeals Court's decision. In February 2017, the Veterans Appeals Court denied his reconsideration request but granted the motion to the extent it sought panel review. In March 2017, Mr. Anderson moved for review by the full Veterans Appeals Court, which the Veterans Appeals Court denied on April 7, 2017. Mr. Anderson timely appealed to this court.

## DISCUSSION

Our jurisdiction to review Veterans Appeals Court decisions is limited by statute. Unless an appeal raises a constitutional issue, we lack jurisdiction to review "a challenge to a factual determination" or a "challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Mr. Anderson does not challenge the validity of any statute or regulation or the interpretation thereof. *See* 38 U.S.C. § 7292(d)(1). The Veterans Appeals Court's review of the Board's denial of an earlier effective date for Mr. Anderson's service-connected heart disease involves only the application of law to fact.

Mr. Anderson makes a number of arguments that all hinge on whether the information he provided in 2001 amounted to a claim for service-connected heart disease. However, "the factual findings of when a disability was claimed or service connection established are not subject to our review." *Butler v. Shinseki*, 603 F.3d 922, 926 (Fed. Cir. 2010). Nor do we possess jurisdiction to review the Veterans Appeals Court's conclusion that the Board satisfied its obligation to sympathetically construe Mr. Anderson's claims. *See Ellington v. Peake*, 541 F.3d 1364, 1372 (Fed. Cir. 2008). Finally, we lack jurisdiction

to review the Veterans Appeals Court's conclusion that the Board correctly determined that the evidence was not in equipoise. *See Ferguson v. Principi*, 273 F.3d 1072, 1075 (Fed. Cir. 2001). Because Mr. Anderson's arguments all center on the application of law to fact, namely whether his 2001 claim amounted to a claim for service-connected heart disease, we lack jurisdiction to hear this appeal.

CONCLUSION

Mr. Anderson's appeal from the Veterans Appeals Court is dismissed.

**DISMISSED**

COSTS

No costs.