NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――――

**FRANKLYN M. SOODEEN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

―――――――――――

2023-1575

―――――――――――

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-7123, Judge William S. Greenberg.

―――――――――――

Decided: December 7, 2023

―――――――――――

FRANKLYN M. SOODEEN, Kew Gardens, NY, pro se.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN B. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY; BENJAMIN ISAAC HERSKOVITZ, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before TARANTO, CHEN, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Franklyn M. Soodeen served in the United States Army from 1968 to 1970. In 2021, he applied to the Department of Veterans Affairs for disability benefits, claiming entitlement based on a back condition he said was connected to his service—specifically, to an accident he said occurred before his discharge. The relevant regional office of the Department and then the Board of Veterans' Appeals rejected the assertion that the back condition was service-connected and therefore denied the claim for benefits. The United States Court of Appeals for Veterans Claims (Veterans Court) affirmed the Board's decision. *Soodeen v. McDonough*, No. 21-7123, 2022 WL 17985187 (Vet. App. Dec. 29, 2022). Mr. Soodeen appeals.

Mr. Soodeen challenges the Veterans Court's affirmance of the Board's decision for three reasons. First, he argues that the Board erred by giving the existing contemporaneous evidence in his service files more weight than his present testimony. Appellant's Informal Br. at 2–3; SAppx. 10–11.[1] Second, he asserts that more service records must exist than those which were supplied to the Department for consideration of this matter, thus disputing the Board's finding that "[t]here is no indication that any other military records remain outstanding." SAppx. 10; Appellant's Informal Br. at 2–3. Third, he argues that the Board, which cited 38 U.S.C. § 5107, did not properly apply the benefit-of-the-doubt rule of § 5107(b) when weighing the record evidence. Appellant's Informal Br. at 3; SAppx. 7.

————————————

[1] "SAppx." refers to the supplemental appendix filed by the Secretary in this court with its brief as appellee.

We lack the authority to review Mr. Soodeen's appeal. Mr. Soodeen challenges only the Veterans Court's affirmance of the Board's factual determinations and the Board's application of law to facts, and he neither raises a constitutional issue nor identifies a legal issue decided by the Veterans Court. Appellant's Informal Br. at 1–2 (Mr. Soodeen's statement that the Veterans Court's decision did not "involve the validity or interpretation of a statute or regulation" and did not "decide constitutional issues"). The relevant statute defining our jurisdiction declares that, when no constitutional issue is presented, we "may not review . . . a challenge to a factual determination, or . . . a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). That bar applies to preclude review of the challenge to the weighing of evidence. *See Maxson v. Gober*, 230 F.3d 1330, 1333 (Fed. Cir. 2000) ("The weighing of this [record] evidence is not within our appellate jurisdiction."). It applies as well to preclude review of the challenge to the application of the benefit-of-the-doubt rule of § 5107(b). *See Ferguson v. Principi*, 273 F.3d 1072, 1076 (Fed. Cir. 2001) ("[T]he Board . . . determined that the requirement that there be 'an approximate balance of positive and negative evidence' was not met, meaning § 5107(b) was not applicable. This involves no interpretation of the statute. . . . Thus, under subsection (d)(2) this court does not have jurisdiction over the appeal.").

Because we do not have the authority to review Mr. Soodeen's challenges to the Veterans Court's decision, we must dismiss Mr. Soodeen's appeal for lack of subject-matter jurisdiction.

The parties shall bear their own costs.

**DISMISSED**