NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HOUSTON R. HINTON, JR..**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7002

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-1478, Judge Kenneth B. Kramer.

---

Decided: February 5, 2014

---

HOUSTON R. HINTON, JR., of Stockbridge, Georgia, pro se.

MICHAEL D. AUSTIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and KIRK T. MANHARDT, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant Gen-

eral Counsel, and CHRISTINA L. GREGG, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was Y. KEN LEE, Attorney.

————————————

Before MOORE, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

Houston R. Hinton, Jr. appeals the decision of the United Stated Court of Appeals for Veterans Claims ('Veterans Court"), affirming the Board of Veterans' Appeals' ("Board") denial of entitlement to service connection for urethritis. *Hinton v. Shinseki*, No. 12–1478, 2013 WL 4051055 (Ct. Vet. App. Aug. 12, 2013). Mr. Hinton's appeal, however, does not raise any constitutional issues and merely challenges factual determinations or the application of the law to the facts of his case. Accordingly, we dismiss the appeal for lack of jurisdiction.

BACKGROUND

Mr. Hinton served on active duty in the United States Navy from September 1955 to September 1959 and from December 1959 to July 1977. *Hinton*, 2013 WL 4051055, at *1. Mr. Hinton's service medical records show that he underwent several treatments for acute urethritis until October 1961. *Id.* His medical records during the remaining 16 years of service, including a separation examination conducted in July 1977, did not reveal any additional instances of urethritis. *Id.*

Mr. Hinton sought disability benefits for "urethral discharge" in April 1987, and a VA regional office denied his claim. *Id.* Mr. Hinton timely appealed to the Board, but the Board did not address Mr. Hinton's challenge in a May 1990 decision. *Id.*

In February 1992, Mr. Hinton reported to his private physician that he was experiencing "perineal and scrotal discomfort, an occasional urethral discharge, a history of

nongonococcal urethritis in the past, and occasional mild dysuria." *Id.* (citation and internal quotation marks omitted). The physician diagnosed Mr. Hinton with urethritis and prescribed treatment with an antibacterial. *Id.*

In October 2000, Mr. Hinton asked the VA to reconsider his claim for benefits based on his urethritis. *Id.* The regional office mistakenly interpreted the request as one to reopen Mr. Hinton's 1987 claim, and denied the request. The Board, however, determined in January 2005 that Mr. Hinton's claim for benefits for urethritis remained pending because no final decision had been issued regarding that claim. *Id.* The Board remanded Mr. Hinton's claim for a VA medical examination.

The VA medical examination occurred in February 2005. The examiner reviewed Mr. Hinton's medical history and conducted a urinalysis. *Id.* The examiner determined that there was no evidence of current urethritis and noted that the last documented occurrence of urethritis occurred in 1992.

The Board denied Mr. Hinton's claim in February 2006. *Id.* at *2. In March 2008, however, the Veterans Court granted the parties' joint motion to remand for consideration of whether Mr. Hinton's 1992 diagnosis of urethritis was related to the urethritis Mr. Hinton experienced during military service. *Id.*

In February 2009, the same VA examiner who performed the February 2005 examination determined that the 1992 occurrence of urethritis was likely not related to the urethritis Mr. Hinton experienced during service. *Id.* at *2. The examiner observed that Mr. Hinton was treated several times for urethritis while on active duty, but that his final treatment in 1960 was presumably successful because there were no further documented problems with urethritis until 1992, over 30 years later. *Id.* The examiner also observed that there was no evidence that

the 1992 incidence of urethritis was caused by the same organisms found during military service. *Id.*

In April 2011, Mr. Hinton submitted a letter from his private physician, Dr. James Eaton, who stated his opinion that Mr. Hinton suffered from chronic urethritis that was contracted in 1956 while on active duty. *Id.* Mr. Hinton had previously submitted a letter from Dr. Eaton in August 2009 stating that Mr. Hinton had some symptoms of chronic prostatitis, but the letter made no mention of urethritis. *Id.*

In January 2012, the Board denied Mr. Hinton's claim related to his urethritis. *Id.* The Board determined that the VA examiner's opinion was more persuasive than that of Mr. Hinton's private physician. *Id.* at *3. In reaching its conclusion, the Board observed: (1) the VA examiner's opinion, unlike that of Dr. Eaton, was based on clinical data; (2) Dr. Eaton's conclusion that Mr. Hinton suffered from chronic urethritis conflicted with clinical evidence indicating that Mr. Hinton was not afflicted with urethritis in February 2005; and (3) Dr. Eaton's 2011 letter concluding that Mr. Hinton appears to have chronic urethritis was in tension with Dr. Eaton's letter from 2009, which stated Mr. Hinton was only being treated for prostatitis. *Id.*

Mr. Hinton appealed the Board's determination to the Veterans Court, "argu[ing] only that the Board provided inadequate reasons or bases for favoring the negative February 2009 VA medical opinion over the private opinion of Dr. Eaton." *Id.* at *2. The Veterans Court affirmed the Board's decision, concluding that "the Board offered a thorough and reasoned explanation for rejecting Dr. Eaton's statement" that Mr. Hinton suffered from chronic urethritis that began during military service. *Id.* at *3. This appeal followed.

ANALYSIS

"This court's jurisdiction to review decisions of the Veterans Court is limited by statute." *Kyhn v. Shinseki*, 716 F.3d 572, 575 (Fed. Cir. 2013). Under 38 U.S.C. § 7292(a), this court may review "the validity of a decision of the [Veterans] Court on a rule of law or any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." Section 7292(d)(2), however, provides that, "[e]xcept to the extent that an appeal . . . presents a constitutional issue, [this court] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."

On appeal, Mr. Hinton reiterates his challenge that the Board did not provide adequate reasons or bases for favoring the VA examiner's opinion over the opinion of Dr. Eaton, Mr. Hinton's private physician. *See* 38 U.S.C. § 7104(d)(1) (requiring decisions of the Board to include "a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record"). According to Mr. Hinton, the Board based its determination on the mistaken notion that Dr. Eaton's opinion was not based on clinical data. Appellant's Informal Br. App'x at 7. Consequently, in Mr. Hinton's view, the Board did not set out an adequate basis for favoring VA examiner's opinion over that of Dr. Eaton because the Board's decision was based on a faulty premise.

Although Mr. Hinton frames this issue as one "involv[ing] the validity or interpretation of a statute or regulation," his argument on this point relates exclusively to the Board's resolution of a factual dispute. Appellant's Informal Br. Resp. No. 2. In his brief, Mr. Hinton disputes the Board's determination that "appellant's treating physician was less credible than that [of] the VA medical

examiner." Appellant's Informal Br. App'x at 7. Mr. Hinton alleges that, contrary to the Board's conclusion, Dr. Eaton's opinion was based on clinical data, placing it on firmer footing than the Board realized. *Id.* This challenge, however, pertains only to whether the Board properly weighed the evidence before it, not to whether the Board discharged its obligation to explain its decision-making under 38 U.S.C. § 7401(d)(1). It is not the absence of explanation with which Hinton takes issue; it is the accuracy of the detailed explanation provided. We lack jurisdiction to review this factual determination. *See* 38 U.S.C. § 7292(d)(2); *see also Cook v. Principi*, 353 F.3d 937, 940–41 (Fed. Cir. 2003) (finding no jurisdiction over a claim based on "an alleged failure of the Board to satisfy its statutory requirements under § 7104(d)(1)" where "the review requested . . . would unavoidably require a review of the Veterans Court's application of law to the facts").

Mr. Hinton further alleges that the Board erred by failing to apply 38 U.S.C. § 5107(b), which provides: "When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant." Mr. Hinton also asserts that the Board failed to adhere to 38 C.F.R. § 3.102, which states: "When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, . . . such doubt will be resolved in favor of the claimant."

The issues Mr. Hinton raises, however, pertain to the Board's resolution of factual questions or its application of the law to the facts of the case, and are thus beyond our jurisdiction. *See* 38 U.S.C. § 7292(d)(2). Mr. Hinton suggests that, when the evidence is properly assessed, his case presents a close question regarding whether he was suffering from chronic urethritis that originated during his military service. Appellant's Informal Br. App'x at 7. And, under 38 U.S.C. § 5107(b) and 38 C.F.R. § 3.102, the

Board was required to resolve this close factual question in his favor. The Board, however, did not find that the evidence was in "approximate balance," as is required for § 5107 to apply. Instead, the Board determined that the VA examiner's opinion was more persuasive than that of Dr. Eaton. *See Hinton*, 2013 WL 4051055, at \*3. Thus, to find that the Board erroneously failed to give Mr. Hinton the benefit of the doubt would require us to re-weigh the evidence. As a consequence, Mr. Hinton's challenge presents an issue that we lack jurisdiction to address. *See* 38 U.S.C. § 7292(d)(2); *see also Ferguson v. Principi*, 273 F.3d 1072, 1076 (Fed. Cir. 2001) (finding no jurisdiction over a challenge that the Veterans Court "misinterpreted § 5107(b) because it affirmed the Board's holding that § 5107(b) did not apply").

## CONCLUSION

Mr. Hinton's arguments on appeal merely challenge factual determinations or the application of law to the facts of his case. Because we lack jurisdiction to review the challenges raised, Mr. Hinton's appeal is dismissed.

### DISMISSED

## COSTS

No costs.