NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PHILLIP A. BROWN,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1720

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-2441, Judge Coral Wong Pietsch.

---

Decided: July 12, 2016

---

PHILLIP A. BROWN, Little Rock, AR, pro se.

AMELIA LISTER-SOBOTKIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR; DEREK SCADDEN, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before O'MALLEY, LINN, and STOLL, *Circuit Judges.*

PER CURIAM.

Appellant Phillip A. Brown seeks review of the November 5, 2015 decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming the July 18, 2014 decision of the Board of Veterans' Appeals ("Board"). *Brown v. McDonald*, No. 14-2441, 2015 U.S. App. Vet. Claims LEXIS 1514 (Vet. App. Nov. 5, 2015). For the reasons below, we *dismiss* Mr. Brown's appeal for lack of jurisdiction.

## BACKGROUND

Mr. Brown served on active duty from March 1987 to July 1990. Joint Appendix ("JA") 2. While in service, Mr. Brown injured his back after slipping and falling on a wet floor while handling crates. JA 20-21. Mr. Brown was also injured in an automobile accident during his service. JA 2. At that time, Mr. Brown underwent treatment for neck pain as a result of cervical strain, but he did not allege low back injury and was not diagnosed with any low back condition. JA 2-3, 20-21.

After discharge from active duty, Mr. Brown submitted a claim for a cervical spine disorder. In May 1996, Mr. Brown was awarded service connection for cervical strain with headaches. JA 3. In October 1997, Mr. Brown filed a claim for service connection for low back pain. The Department of Veterans Affairs ("VA") Regional Office ("RO") denied Mr. Brown's low back pain claim in March 1998, after determining that his back pain was an acute event not due to prior injuries. JA 22.

In April 2001, Mr. Brown sustained a back injury at work and received treatment. JA 23. X-rays at the time showed "reversal of lumbar lordosis potentially related to

muscle spasm or positioning, but without fracture, dislocation, disc rupture, or joint disease." *Id.*

In February 2006, Mr. Brown filed a request to reopen the low back claim he originally submitted in October 1997. Subsequent VA medical examinations concluded that Mr. Brown's low back condition was likely not related to service. JA 4-5, 24-26. After remands from the Board for additional medical evaluation, in August 2011, the RO finally denied Mr. Brown's claim. JA 5.

The Board, and then the Veterans Court, proceeded to adjudicate Mr. Brown's reopened claim for low back injury. After an initial remand for reconsideration of certain evidence, on July 18, 2015 the Board found that Mr. Brown had a low back disorder, but held that this disorder was not connected to Mr. Brown's service injuries. JA 6. In its decision, the Board considered medical reports submitted by Mr. Brown, but upon weighing the evidence, the Board held that "[t]he weight of the competent and credible evidence demonstrates that [Mr. Brown's] low back disorder . . . first manifested many years after service and is not related to his active service." JA 32. On November 5, 2015, the Veterans Court affirmed the Board's July 18, 2015 decision.

Mr. Brown now appeals the November 5, 2015 judgment of the Veterans Court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We have jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010) (citing 38 U.S.C. § 7292(c)). "Absent a constitutional issue, however, we lack the jurisdiction to 'review (A) a challenge to a

factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.'" *Id.* (quoting 38 U.S.C. § 7292(d)(2)).

Here, Mr. Brown contests the denial of his claim for service connected low back injury. Appellant Br. at 1-2. Specifically, Mr. Brown argues that the Veterans Court erred in failing to credit his physician's report opining that Mr. Brown's low back injury was more likely than not due to injuries sustained while he was in service. *Id.* at 3. Mr. Brown further contends that the Veterans Court erred in failing to give him the benefit of the doubt in rendering its decision denying his claim. *Id.* Finally, Mr. Brown argues that he should have been given "an unbiased medical opinion to satisfy the conflicting medical opinions" in the record. *Id.*

In response, the government notes that this court does not have jurisdiction to review the weight given to conflicting evidence. Appellee Br. at 10-11. The government further contends that we do not have jurisdiction to review the applicability of the benefit of the doubt doctrine to Mr. Brown's case. *Id.* at 13. Finally, the Government argues that we do not have jurisdiction to review the question of whether the Board should have ordered another independent medical examination regarding Mr. Brown's claim. *Id.*

We agree with the government that we do not have jurisdiction over this appeal. "The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder. We lack jurisdiction to review these determinations." *Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010)). Moreover, the applicability of the benefit of the doubt doctrine to Mr. Brown's case is a question regarding the applicability of law to the facts of a specific case, which we do not have jurisdiction to review. *See Ortiz v. Principi*, 274 F.3d 1361, 1365 (Fed.

Cir. 2001) ("[I]f the Board is persuaded that the preponderant evidence weighs either for or against the veteran's claim, it necessarily has determined that the evidence is not 'nearly equal' or 'too close to call,' and the benefit of the doubt rule therefore has no application."); *Hinton v. Shinseki*, No. 2014-7002, 2014 U.S. App. LEXIS 2154, at *9 (Fed. Cir. Feb. 5, 2014) ("[T]o find that the Board erroneously failed to give Mr. Hinton the benefit of the doubt would require us to re-weigh the evidence," which "we lack jurisdiction to address"). Finally, "the sufficiency of a medical opinion is a matter beyond our jurisdictional reach, because the underlying question is one of fact." *Prinkey v. Shinseki*, 735 F.3d 1375, 1383 (Fed. Cir. 2013).

Mr. Brown only challenges the weighing of evidence in his case, which is an issue of fact, and the applicability of the benefit of the doubt doctrine to his case, which is an issue of the application of law to the facts of his case. Such questions are outside the scope of our review. *See* 38 U.S.C. § 7292(c), (d)(2); *Bastien*, 599 F.3d at 1306. Therefore, we must dismiss Mr. Brown's appeal for lack of jurisdiction.

## CONCLUSION

Mr. Brown appeals the Veterans Court's weighing of the evidence in his case, and the Veterans Court's application of law to the specific facts of his case. We lack jurisdiction to decide such issues. *See Wanless*, 618 F.3d at 1336. Accordingly, we dismiss Mr. Brown's appeal.

**DISMISSED**

## COSTS

No costs.