# United States Court of Appeals for the Federal Circuit

2009-7066

STEVEN BUTLER,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Steven Butler, of Chesapeake, Virginia, pro se.

Jeffrey A. Regner, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

# United States Court of Appeals for the Federal Circuit

2009-7066

STEVEN BUTLER,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-1985, Judge Mary J. Schoelen.

_____

DECIDED: April 23, 2010

_____

Before NEWMAN, BRYSON, and DYK, Circuit Judges.

Opinion for the court filed PER CURIAM. Concurring opinion filed by Circuit Judge NEWMAN.

PER CURIAM.

Steven Butler, appearing pro se, appeals the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court"),[1] denying his requests for earlier effective dates for various service-connected foot disabilities, and raising other issues of compensation with respect to these conditions. We affirm the decision of the Veterans Court.

_____

[1] Butler v. Peake, No. 07-1985, 2008 WL 5101007 (Vet. App. Nov. 26, 2008).

BACKGROUND

Mr. Butler served on active duty in the United States Navy from October 1975 to October 1978 and again from December 1978 to November 1990. On July 22, 1992 he filed a claim for disability compensation for "foot condition." A VA medical examination was conducted in October 1992 and, based on this examination, the VA Regional Office in March 1993 granted service connection for a callus of the right foot, effective as of the July 22, 1992 filing date of the claim, and with a disability rating of zero percent. Mr. Butler appealed to the Board of Veterans' Appeals, seeking a higher disability rating and, as the effective date, the day following his discharge, pursuant to 38 U.S.C. §5110(b)(1):

> The effective date of an award of disability compensation to a veteran shall be the day following the date of the veteran's discharge or release if application therefor is received within one year from such date of discharge or release.

Mr. Butler stated that he had attempted to file a claim for his foot condition within one year of his discharge but was told by VA personnel that he could not do so because his discharge was other than honorable. A regulation implementing the aforementioned statute, 38 C.F.R. §3.400(b)(2)(i), states that

> separation from service means separation under conditions other than dishonorable from continuous active service which extended from the date the disability was incurred or aggravated.

Mr. Butler successfully challenged the nature of his discharge in the Navy's Board for the Correction of Military Records, but it took over a year to complete these proceedings; thus his claim, filed soon thereafter, was outside the one-year presumptive period of 38 U.S.C. §5110(b)(1).

At a Board hearing in 1996 Mr. Butler withdrew his request for a higher rating for the right foot callus, which had been rated noncompensable, stating that the condition had

improved, but he continued to request that the effective date for his "foot condition" be the day following his discharge from service, stating that he had not filed his claim during the one-year period because of the advice of VA officials. In January 1998 the Board denied this request, stating that because his claim was not filed until July 22, 1992, that was the earliest available effective date.

In August 2000 Mr. Butler underwent an "Austin Bunionectomy" surgery on his left foot, in a private medical facility. On February 26, 2001 he filed a claim for service connection for hallux valgus[2] of both feet, stating that these conditions were present and included in his original July 22, 1992 claim for "foot condition," and that they had worsened. He also requested a temporary total disability rating pursuant to 38 C.F.R. §4.30(a), for the period of convalescence following the August 2000 surgery. In August 2001 Mr. Butler underwent a second surgery on his left foot, this time at a VA hospital, to correct mistakes in the August 2000 surgery. He then added a claim for a temporary total disability rating for the period of convalescence following this second surgery. In February 2002 the Regional Office denied these claims.

Mr. Butler appealed to the Board, and was afforded a medical examination by a VA physician on December 23, 2003. The medical examiner observed callus formation on both feet, noted the Austin Bunionectomy that had been performed on the left foot, and diagnosed hallux valgus of the left and right feet and a right foot bunion. The medical examiner concluded that it was more likely than not that all of Mr. Butler's foot conditions were related to problems with his feet that he had experienced during service. Based on

---

[2] Hallux valgus is "a deviation of the distal portion of the great toe at the metatarsophalangeal joint, toward the outer or lateral side of the foot." Steadman's Medical Dictionary 848 (28th ed. 2006).

this evidence, the Regional Office awarded service connection for the right and left feet hallux valgus, effective February 26, 2001 (the date of the claim for these specific conditions), and service connection for calluses of the left foot effective December 23, 2003 (the date of the VA examination). The left foot hallux valgus was rated 10% disabling, and the right foot hallux valgus and left foot calluses were rated noncompensable.

Mr. Butler requested review by the Board, arguing that the effective date for all of his foot conditions should be the day after his discharge, and in any event no later than July 22, 1992, the date of actual filing of his original claim. He reiterated that he had been prevented by the advice of VA personnel from filing a claim before correction of his discharge record, and again argued that the effective date should be carried back. He also argued that the disability ratings for all of his foot conditions should be higher, and that he was entitled to temporary total disability ratings for the two post-surgery convalescence periods. On March 20, 2007 the Board sustained the effective date of February 26, 2001 for hallux valgus of both feet, finding that Mr. Butler had raised no issue of hallux valgus until his claim for these conditions was filed on February 26, 2001. The Board also found that he had not made a claim specific to left foot calluses, whereby the December 23, 2003 VA examination was the earliest effective date for the left foot calluses. The Board rejected Mr. Butler's arguments for earlier effective dates.

Responding to Mr. Butler's assertion that the advice of VA personnel had prevented him from filing any foot condition claim within one year of his discharge, the Board stated that his claims folder "fails to reveal any prior communication from the veteran or his representative that may be construed as indicating intent to seek or apply for service connection for a foot condition." The Board therefore held that he could not establish, as

the effective date for any claim, the day following his discharge.

The Board also ruled that Mr. Butler was not entitled to a temporary total disability rating for the period of convalescence following his first left foot surgery in August 2000, on the basis that 38 C.F.R. §4.30 permits such temporary compensation only if the surgical treatment was for a service-connected disability whose effective date preceded the treatment. The Board observed that it had established February 26, 2001 as the effective date for this condition, and that this effective date did not precede the August 2000 surgery or the convalescence period that followed, as required by §4.30. Thus the Board held that Mr. Butler could not receive temporary total disability compensation for this period of convalescence. However, the Board awarded a temporary total disability rating for the period following the second surgery for the same condition in August 2001, because the February 26, 2001 effective date preceded the date of this treatment.

Mr. Butler appealed the Board's adverse rulings to the Veterans Court, arguing that the effective date for all of his foot conditions should have been the day following his discharge. The Veterans Court assumed, for the purposes of its analysis, that VA personnel had in fact discouraged Mr. Butler from filing a claim at that time, and assumed that such action was "unlawful." However, the court stated that any error on the part of the VA could not toll the one-year limit of 38 U.S.C. §5110(b)(1), citing the Federal Circuit's decision in Andrews v. Principi, 351 F.3d 1134, 1137-38 (Fed. Cir. 2003), wherein this court ruled that the VA's unlawful failure to notify the veteran, at the time of discharge, of the VA benefits for which the veteran was eligible, did not toll the one-year period of §5110(b)(1). The Veterans Court then affirmed the Board's rulings as to the effective dates for the various foot conditions and as to the availability of a temporary total disability rating. The

Veterans Court also affirmed the Board's determination that Mr. Butler was not eligible for a temporary total disability rating for the period following his August 2000 surgery pursuant to 38 C.F.R. §4.30 because he had not established service connection for the condition at the time of the surgery.

DISCUSSION

The Federal Circuit has jurisdiction to review decisions of the Veterans Court "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. §7292(a). Such review is conducted without deference. 38 U.S.C. §7292(d)(1); Smith v. Nicholson, 451 F.3d 1344, 1347 (Fed. Cir. 2006). However, except to the extent that an appeal presents a constitutional issue, the Federal Circuit "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. §7292(d)(2).

Mr. Butler argues that the Veterans Court erred in law, in its ruling that, assuming VA personnel erroneously told Mr. Butler that he could not file a claim until his other-than-honorable discharge was corrected, no waiver or relaxation of the one-year period of presumptive retroactivity of 38 U.S.C. §5110(b)(1) is available. Mr. Butler argues that the VA's error justifies treating his July 22, 1992 claim as if it were filed within the one-year presumptive period.

The Secretary responds that Mr. Butler is challenging the effective dates assigned to his various disability ratings, and that effective dates are questions of fact or application of law to fact, and thus not subject to review by the Federal Circuit. The Secretary states that

even if Mr. Butler's July 22, 1992 claim for "foot condition" were treated as if it had been filed within one year of his discharge, as Mr. Butler requests, this would not change the effective dates for any of the foot conditions at issue in this appeal, because none of these conditions was found to have been included in his July 22, 1992 claim. That is, the findings that the earliest claim date for hallux valgus of either foot was February 26, 2001, and the earliest claim date for left foot calluses was the December 23, 2003 medical examination, are not within our appellate authority. We agree that the factual findings of when a disability was claimed or service connection established are not subject to our review.

These unreviewable factual findings appear to provide an independent basis for the Veterans Court decision. But even if they do not, we held in Andrews that equitable tolling is not available under 38 U.S.C. §5110(b)(1).

The decision of the Veterans Court is affirmed. Each party shall bear its costs.

<u>AFFIRMED</u>

# United States Court of Appeals for the Federal Circuit

2009-7066

STEVEN BUTLER,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-1985, Judge Mary J. Schoelen.

NEWMAN, Circuit Judge, concurring in the result.

I agree that Mr. Butler's claims for earlier effective dates must fail, on the unreviewable facts. However, he also raises a question of law that requires our attention. The Veterans Court held that the Federal Circuit decision in Andrews v. Principi, 351 F.3d 1134 (Fed. Cir. 2003), bars the availability of equitable tolling or extension of the §5110(b)(1) one-year retroactivity period, whatever the circumstances. That is an incorrect interpretation of our decision, and requires clarification lest the error be perpetuated.

"[E]quitable tolling is a rule of law that is judge-made, and was specifically mentioned by the VA General Counsel as an example of an issue about which the proponents of the amendment [to 38 U.S.C. §7292] were concerned." Morgan v. Principi, 327 F.3d 1357, 1363 (Fed. Cir. 2003). This question of law was raised on appeal, for the Veterans Court

held that our decision in Andrews precluded waiver of this one-year period for §5110(b)(1), even if Mr. Butler were given "unlawful" advice on which he relied. The Veterans Court accepted as true Mr. Butler's statement that VA personnel told him that he could not file a claim while the status of his other-than-honorable discharge was under review by the military record correction board; thus he waited until his record status was corrected, and then filed the claim here at issue. The Veterans Court cited Andrews, where this court stated that "[t]he VA's failure to notify a veteran pursuant to [38 U.S.C.] §7722(b) and (c)(1) may not serve as the basis for tolling the time period in §5110(b)(1)." 351 F.3d at 1137. The Andrews court had drawn an analogy to Rodriguez v. West, 189 F.3d 1351, 1355 (Fed. Cir. 1999), which held that the VA's failure to comply with its duty under 38 U.S.C. §7722(d) to assist the claimant in preparing and presenting a claim did not entitle the claimant to an effective date earlier than the date on which the claim was filed. The Andrews court explained that the VA's failure to provide general information to the veteran did not toll the time period in §5110(b)(1).

In Andrews there was no misinformation or erroneous advice to the veteran by the VA; there was merely an omission in giving the veteran general public information about veterans' benefits. On this background, the Andrews court stated that "principles of equitable tolling, as claimed by Andrews, are not applicable to the time period in §5110(b)(1)," 351 F.3d at 1137, while acknowledging that tolling normally applies when a claimant misses a deadline because of "misconduct," id. at 1137-38. The Andrews court did not hold that equitable tolling is never available for the time period in §5110(b)(1).

The giving of actual misinformation in response to specific inquiry has been held to warrant equitable tolling, depending on the circumstances. In Irwin v. Department of

Veterans Affairs, 498 U.S. 89, 96 (1990), the Court stated: "We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." The Court cited examples where tolling had been applied when erroneous information caused the plaintiff to let a critical time period lapse. Id. at 96 n.4 (citing Glus v. Brooklyn E. Dist. Terminal, 359 U.S. 231 (1959), and Holmberg v. Armbrecht, 327 U.S. 392 (1946)). The Court explained that, in contrast, tolling is generally unavailable when a deadline is missed because of a "garden variety claim of excusable neglect." Id. at 96. Neither Andrews nor Rodriguez departed from these principles. The Veterans Court enlarged Andrews beyond its premises, in holding that tolling of the one-year term of retroactivity under §5110(b)(1) is never available.

The presumption established by §5110(b)(1) is not an implementation of a statutory time limit that is "jurisdictional." See Bowles v. Russell, 551 U.S. 205 (2007) (holding that the statutory time limit for filing a notice of appeal from a civil case brought in federal district court is jurisdictional and hence not susceptible to equitable extension); Henderson v. Shinseki, 589 F.3d 1201 (Fed. Cir. 2009) (en banc) (extending Bowles holding to apply to the statutory time limit for seeking review of a decision of the Board of Veterans' Appeals). The presumptive retroactive date achieved by filing a claim within one year after discharge from service does not limit the time in which the veteran can bring a substantive claim for service connection. This presumption does not affect the VA's ability to adjudicate the claim; it affects only the effective date of compensation if service connection is found. This period is akin to a "nonjurisdictional claim-processing rule," for it imposes no restriction on a

court's jurisdiction. Such limits are susceptible to waiver and equitable treatment. See, e.g., Eberhart v. United States, 546 U.S. 12, 16 (2005) (time period for a criminal defendant to move for a new trial is a "nonjurisdictional claim-processing rule"); Kontrick v. Ryan, 540 U.S. 443, 456 (2004) (time limit for creditors to file objections in bankruptcy proceedings is a "claim-processing rule" and not a restriction on the court's jurisdiction); see also Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237 (2010) (holding that statutory requirement that, with limited exceptions, a copyright holder must register its work before suing for copyright infringement is "a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction"); John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133-34 (2008) (a statute of limitations "typically permit[s] courts to toll the limitations period in light of special equitable considerations" unless the particular statute is deemed "jurisdictional").

The Andrews decision related to the VA's failure to notify the veteran of general opportunities and principles, although this information was generally available. Although the Andrews court stated that the one-year retroactive period of §5110(b)(1) is not a "statute of limitations" to which equitable tolling principles typically apply, 351 F.3d at 1138, Andrews did not involve specific misinformation given in response to individual inquiry. The time period of §5110(b)(1) is not a jurisdictional restriction, and its blanket immunization from equitable extension, whatever the circumstances, appears to be directly contrary to the legislative purpose. In view of this interpretation by the Veterans Court, the holding in Andrews requires clarification. This question of law is properly before us, and should be addressed.