NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLEVEN L. ROBERSON,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7112

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-2481, Judge Alan G. Lance, Sr.

---

Decided: November 9, 2010

---

CLEVEN L. ROBERSON, Baltimore, Maryland, pro se.

DANIEL G. KIM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN

F. HOCKEY, JR., Assistant Director.  Of counsel on the brief was DAVID J. BARRANS, Deputy Assistant General Counsel, United States Veterans Affairs, of Washington, DC.

_____

Before NEWMAN, CLEVENGER, and BRYSON, *Circuit Judges*.

PER CURIAM.

Cleven L. Roberson appeals from the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") which affirmed the July 24, 2008, decision of the Board of Veterans' Appeals ("Board") that denied Mr. Roberson an earlier effective date for the award of his nonservice-connected disability pension. *See Dorsey v. Shinseki*, No. 08-2481 (Vet. App. Feb. 23, 2010). We dismiss Mr. Roberson's appeal.

I

Mr. Roberson served in the United States Air Force from September 1962 until December 1964.  His initial request for entitlement to nonservice-connected pension benefits was denied in March 1984.  He did not appeal from this adverse decision, which thereby became final.  His attempt to reopen that claim was denied in October 1998, and again he did not appeal that ruling, which also became final.  On April 13, 2004, Mr. Roberson again applied for a nonservice-connected disability pension.  This time he was successful, and the Baltimore regional office granted him an effective date of April 13, 2004.  Mr. Roberson, however, disagreed with the assigned effective date and argued that he was entitled to an effective date of October 31, 1991, when the Social Security Administra-

tion determined that he was disabled. After an extended period of discussion with the regional office, Mr. Roberson's request for an earlier effective date was denied, and he appealed to the Board.

Mr. Roberson was afforded a hearing by the Board chaired by Veterans Law Judge Keith Allen. Judge Allen explained to Mr. Roberson that the effective date of a claim is determined by the date the claim is made, and that by failing to appeal from the denials of his requests for benefits in 1984 and 1998 he lost the opportunity to establish effective dates relative to those claims. The possibility of an effective date retroactive from the April 13, 2004 filing was discussed, but not resolved, at the hearing.

Shortly after the hearing, Judge Allen issued the Board's written decision denying Mr. Roberson an earlier effective date from his April 13, 2004 claim. The decision again noted that the effective date of a claim is tied to its submission date, citing 38 U.S.C. § 5110(a) and 38 C.F.R. § 3.400. Under certain circumstances, the effective date can be retroactive, *see* 38 C.F.R. § 3.400(b)(ii), however, the regulations require a veteran to file his request for a retroactive award within one year of the claimed disability date. Because there is no evidence that Mr. Roberson made a prior application that was not denied with final and binding effect within one year of his claimed disability date, the Board concluded that he failed to qualify for a retroactive effective date based on § 3.400(b)(ii).

Mr. Roberson appealed the adverse Board decision to the Veterans Court. With regard to Mr. Roberson's request for an earlier effective date, the Veterans Court noted that the question of the proper effective date is a question of fact, reviewable in that court for clear error.

Because the facts demonstrated that Mr. Roberson failed to meet the one year filing time for a retroactive effective date, the Board's decision on that issue was affirmed. The Veterans Court then turned to other issues raised by Mr. Roberson.

Mr. Roberson raised the issue of the termination of his benefits in 2006, apparently for failure to submit required information and because of an overpayment of benefits. Mr. Roberson had requested a waiver of the debt resulting from the overpayment, but had not received a decision on his waiver request at the time the Board was reviewing his case. The Veterans Court concluded that the Board had not adjudicated the issue of termination of benefits, and consequently the Veterans Court lacked authority to review the issue on appeal from the Board's decision. Mr. Roberson also raised the question of whether Judge Allen should have recused himself from making the decision of the Board because he had served as the hearing official. The Veterans Court rejected this argument because the Board's rules on recusal, *see* 38 C.F.R. § 19.12, do not prevent the same Board member from conducting a hearing and also deciding an appeal.

Mr. Roberson timely sought review in this court of the adverse final decision of the Veterans Court.

II

The jurisdiction of this court to hear appeals from the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), this court may review "the validity of a decision of the [Veterans Court] on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on

by the [Veterans Court] in making the decision." Section 7292(c) vests this court with exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." Section 7292(d)(2) mandates that, except to the extent an appeal from the Veterans Court presents a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."

Mr. Roberson's appeal to this court does not expressly challenge the rejection of his request for a retroactive effective date. The determination of the effective date of a claim is a question of fact. *See Butler v. Shinseki*, 603 F.3d 922, 926 (Fed. Cir. 2010). Even assuming that Mr. Roberson is presenting his retroactive effective date argument to this court, the argument raises nothing to us other than an assessment of the facts as found by the Board and the Veterans Court. We lack the authority to review that issue, and thus dismiss it from the case.

Mr. Roberson raises what appears to be a new issue in this court, which is whether the regional office erred by issuing a supplemental statement of the case while his request for an earlier effective date was under consideration. Mr. Roberson cites 38 C.F.R. § 19.29(c) as grounds for error by the regional office. That provision relates to the contents of a statement of the case, and does not restrict the timing of issuance of such statements. It appears that Mr. Roberson is complaining that he was notified by letter that he could not appeal the decision to grant extraschedular nonservice-connected benefits because the decision was in his favor. Mr. Roberson does

not dispute, however, that he also received a statement of the case noting that his request for entitlement to an earlier effective date was denied and the applicable laws and regulations. The provision thus does not avail Mr. Roberson.

Mr. Roberson renews his objection to Judge Allen serving in a dual role in his case, but with a new twist. Citing 38 C.F.R. § 19.2, Mr. Roberson avers that Keith Allen as Chairman of the Board cannot also serve as a Veterans Law Judge. Mr. Roberson relies on the transcript of his hearing, which refers to Judge Allen as "Chairman." While it is true that the actual Chairman of the Board does not serve as a Veterans Law Judge, there are two short answers to Mr. Roberson's contention. First, by referring to the presiding official at the hearing as the Chairman of the hearing, that person does not become the actual Chairman of the Board, which is a position requiring confirmation by the United States Senate. In fact, Mr. James P. Terry was confirmed by the Senate for a six-year term as Chairman in July 2005. Second, there is no legal error raised by a deciding judge also serving as the Chairman of a Board hearing.

Finally, Mr. Roberson refers to the issue of the termination of his benefits in 2006 and his request for a waiver of the debt associated with the overpayment of benefits. Because there was no decision on this issue at the Board or the Veterans Court, there is no actual decision for us to review. We do note that the record before us shows that Mr. Roberson's request for a waiver was approved on May 12, 2010.

For the reasons stated above, Mr. Roberson's appeal presents issues that are beyond the reach of our jurisdiction, and accordingly we dismiss his appeal.

COSTS

No costs.