NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**ANGELA HILL,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7025

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-4211, Judge William P. Greene, Jr.

---

Decided: April 9, 2012

---

ANGELA HILL, of Shreveport, Louisiana, pro se

ARMANDO A. RODRIGUEZ-FEO, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, for appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and CLAUDIA BURKE, Assistant Director. Of counsel on the brief was MICHAEL

J. TIMINSKI, Deputy Assistant General Counsel, Department of Veterans Affairs, of Washington DC. Of counsel was BRIAN D. GRIFFIN, Attorney, Department of Veterans Affairs.

_____

Before DYK, O'MALLEY, and REYNA, *Circuit Judges.*

PER CURIAM.

Angela Hill ("Hill") appeals from a judgment of the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed a Board of Veterans' Appeals ("Board") decision denying an earlier effective date for death pension benefits. *Hill v. Shinseki*, No. 10-4211, 2011 WL 3759672 (Vet. App. Aug. 26, 2011). We *dismiss*.

## BACKGROUND

Hill filed a claim for death pension benefits in September 2001, after the death of her husband, a veteran. A Veterans Affairs regional office ("RO") denied her claim in December 2001 because her income exceeded the maximum for receiving a death pension benefit. Hill did not file an appeal with respect to the December 2001 decision within the period for appeal. In January 2002, Hill filed an application for burial benefits, but this application did not express dissatisfaction with the December 2001 decision.

On July 20, 2007, Hill sought to reopen her claim for death pension benefits. In December 2008, the RO awarded her benefits, effective July 20, 2007. Hill appealed to the Board, seeking an effective date of September 2001 based on her original claim. The Board denied an earlier effective date because Hill had neither appealed the RO's December 2001 decision nor claimed that

it was based on clear and unmistakable error ("CUE"). The Veterans Court affirmed, agreeing that the only correspondence submitted by Hill between the December 2001 decision and her July 2007 application was her January 2002 application for burial benefits, which could not be construed as a notice of disagreement with the December 2001 decision. *Hill*, 2011 WL 3759672, at *1. Hill timely appealed to this court.

DISCUSSION

Under 38 U.S.C. § 7292(c), our jurisdiction to review Veterans Court decisions is limited to "challenge[s] to the validity of any statute or regulation or any interpretation thereof." We may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case" unless the appeal "presents a constitutional issue." *Id.* § 7292(d)(2); *see Guillory v. Shinseki*, 603 F.3d 981, 986 (Fed. Cir. 2010).

Hill does not challenge the validity or interpretation of any statute or regulation. The only issue on appeal is the effective date for her death pension benefits. The effective date of an award "shall not be earlier than the date of receipt of application therefor." 38 U.S.C. § 5110(a). Because Hill did not file a notice of disagreement with the RO's December 2001 decision within one year, that decision became final. *See* 38 U.S.C. § 7105(c). Hill's current claim was received on July 20, 2007, and she did not allege CUE in the December 2001 decision, so she was awarded death pension benefits with the effective date of July 20, 2007. The effective date of a claim is a question of fact that is beyond our jurisdiction. *See Butler v. Shinseki*, 603 F.3d 922, 926 (Fed. Cir. 2010). Because this court is without jurisdiction, we dismiss.

COSTS

No costs.