NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**WILLIE CLAY,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1451

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-4356, Chief Judge Bruce E. Kasold.

---

Decided: May 9, 2016

---

WILLIE CLAY, Starkville, MS, pro se.

VITO SALVATORE SOLITRO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by MARTIN F. HOCKEY, JR., ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER; BRIAN D. GRIFFIN, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs.

---

Before O'MALLEY, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Appellant Willie Clay seeks review of the September 16, 2015 decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming the December 5, 2014 decision of the Board of Veterans' Appeals ("Board"). *Clay v. McDonald*, No. 14-4356, 2015 U.S. App. Vet. Claims LEXIS 1258 (Vet. App. Sept. 16, 2015). For the reasons below, we *dismiss* Mr. Clay's appeal for lack of jurisdiction.

## BACKGROUND

Mr. Clay served on active duty from May 1973 to January 1975. Joint Appendix ("JA") 7. Mr. Clay initially submitted a claim for a permanent and total disability rating for pension purposes based on his paranoid schizophrenia. The Board denied Mr. Clay's initial claim. JA 8 (decision dated December 23, 1986). Mr. Clay took no further action on this claim. Subsequently, on February 16, 1989, Mr. Clay submitted a claim for pension benefits to the Jackson, Mississippi, Regional Office ("RO"). The Board, and then the Veterans Court, proceeded to adjudicate Mr. Clay's February 16, 1989 claim. After a complicated series of remands from the Veterans Court for redetermination of Mr. Clay's effective date of non-service connected pension benefits, the Board ultimately awarded Mr. Clay an effective date of September 12, 1988. JA 10 (Board decision dated December 5, 2014). Mr. Clay appealed the Board's assignment of this effective date, "assert[ing] that (1) he has not yet received the reimbursement, and (2) an earlier effective date is warranted for his pension benefits." *Clay*, 2015 U.S. App. Vet. Claims LEXIS 1258, *3. The Veterans Court affirmed, holding that "Mr. Clay fail[ed] to demonstrate that the Board clearly erred in its effective-date assignment." *Id.*

The Veterans Court further held that, to the extent Mr. Clay sought to base his effective-date assignment on allegations of being totally and permanently disabled as of 1984 or 1985, "the earlier-effective-date provision of § 3.400(b)(1)(ii)(B) is unavailable if a veteran becomes permanently and totally disabled over one year prior to the claim."[1] *Id.* at *2-3 (citing *Mindenhall v. Brown*, 7 Vet. App. 271, 275 (1994)).

Mr. Clay now appeals the December 5, 2014 judgment of the Veterans Court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We have jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010) (citing 38

---

[1]    38 C.F.R. § 3.400(b)(1)(ii)(B) provides as follows:

"If, within one year from the date on which the veteran became permanently and totally disabled, the veteran files a claim for a retroactive award and establishes that a physical or mental disability, which was not the result of the veteran's own willful misconduct, was so incapacitating that it prevented him or her from filing a disability pension claim for at least the first 30 days immediately following the date on which the veteran became permanently and totally disabled, the disability pension award may be effective from the date of receipt of claim or the date on which the veteran became permanently and totally disabled, whichever is to the advantage of the veteran."

U.S.C. § 7292(c)). "Absent a constitutional issue, however, we lack the jurisdiction to 'review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.'" *Id.* (quoting 38 U.S.C. § 7292(d)(2)).

Here, Mr. Clay contests the Board's assignment of an effective date of September 12, 1988 for his non-service connected pension benefits. Specifically, Mr. Clay argues that the effective date should be February 18, 1988 because he was allegedly permanently disabled as of 1984 or 1985. Appellant Br. at 1-2.

In response, the government notes that we held in *Butler v. Shinseki*, 603 F.3d 922, 926 (Fed. Cir. 2010), that the effective date of a claim is generally a question of fact that is beyond our jurisdiction to review. Appellee Br. at 10-11. We agree. "[T]he factual findings of when a disability was claimed or service connection established are not subject to our review." *See Butler*, 603 F.3d at 926. Because Mr. Clay only challenges the effective date of his pension benefits, he merely raises an issue of fact. Such a question is outside the scope of our review. *See* 38 U.S.C. § 7292(c), (d)(2). Therefore, we must dismiss Mr. Clay's appeal for lack of jurisdiction.

CONCLUSION

Mr. Clay appeals the Veterans Court's factual findings in his case, which is a matter over which we lack jurisdiction. *See Wanless*, 618 F.3d at 1336. Accordingly, we dismiss Mr. Clay's appeal.

**DISMISSED**