NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PETER J. SPERLAZZA,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-2242

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-3873, Chief Judge Robert N. Davis, Judge Mary J. Schoelen, Judge Joseph L. Toth.

---

Decided: February 6, 2019

---

PETER J. SPERLAZZA, Chandler, AZ, pro se.

JOSHUA E. KURLAND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.; CHRISTINA LYNN GREGG, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before MOORE, WALLACH, and HUGHES, *Circuit Judges.*

PER CURIAM.

Peter J. Sperlazza appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals. The Board held that there was no clear and unmistakable error ("CUE") in a 2006 Board decision denying Mr. Sperlazza entitlement to an effective date prior to March 5, 2001, for a 50% disability rating for bilateral pes planus. Because Mr. Sperlazza's appeal involves issues that fall outside this court's jurisdiction, we dismiss.

## BACKGROUND

Mr. Sperlazza served on active duty in the U.S. Air Force from September 1950 to November 1953 and from August 1954 to June 1971. During service, he was placed on a physical profile as a result of pes planus with heel valgus and severe medial bulging. In August 1971, he filed a claim for disability compensation for, among other things, bilateral pes planus. On November 2, 1971, the regional office ("RO") granted his claim and assigned a 10% disability rating for pes planus effective July 1, 1971, which was increased to 30% on January 6, 1972. Mr. Sperlazza did not appeal the RO's January 6, 1972 rating decision.

In March 2001, Mr. Sperlazza submitted a letter to the VA requesting a 100% disability rating, which the VA interpreted to include a claim for increased compensation for his service-connected pes planus. On July 17, 2002, the RO granted Mr. Sperlazza an increased pes planus rating of 50% effective March 5, 2001, the date it received his claim. Thereafter Mr. Sperlazza argued, among other things, that he was entitled to an earlier effective date for his increased rating of 50% for pes planus. On April 28, 2006, the Board determined Mr. Sperlazza was not entitled to an earlier

effective date for his 50% rating and there was no CUE in the 1972 RO rating decision awarding a 30% rating for pes planus.

Following additional development, on October 5, 2015, the Board received correspondence from Mr. Sperlazza asserting CUE in the determinations denying him an earlier effective date. On October 7, 2016, the Board determined there was no CUE in the 2006 Board decision both denying an earlier effective date for the 50% disability rating and determining the 1972 RO decision did not contain CUE. The Veterans Court affirmed the Board. It held the Board did not err in determining that the 2006 Board decision did not contain CUE. Mr. Sperlazza appeals.

## DISCUSSION

Our review of Veterans Court decisions is limited by statute. We have jurisdiction under 38 U.S.C. § 7292(a) to review a decision of the Veterans Court "with respect to the validity of [the] decision . . . on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." *See also* § 7292(c). "[W]e are prohibited, absent a constitutional issue, from reviewing challenges to factual determinations or the application of a statute or regulation to the facts of a particular case." *Dixon v. Shinseki*, 741 F.3d 1367, 1373 (Fed. Cir. 2014); *accord* § 7292(d)(2).

We dismiss Mr. Sperlazza's appeal because it presents issues outside our jurisdiction. Mr. Sperlazza argues that the effective date of his 50% disability rating for pes planus should be August 13, 1971, the date on which the VA received his application for compensation. He argues the Veterans Court's decision involved the validity or interpretation of 38 U.S.C. § 5110(a) and 38 C.F.R. § 3.400, which explain that the effective date for benefits is an "objective decision based on the [f]ormal VA date stamped, Secretary Approved VA Form: 21-526." Informal Br. 1. Mr. Sperlazza does not explain, however, how the court erroneously

interpreted these provisions in making its decision. The court simply applied § 5110 to the facts of this case to determine the 2016 Board decision did not contain CUE. Further, as presented, the determination of the effective date is a question of fact that is outside our jurisdiction. *See, e.g.*, *Butler v. Shinseki*, 603 F.3d 922, 926 (Fed. Cir. 2010).

Mr. Sperlazza also argues there was CUE in the 2002 RO rating decision because the RO characterized March 5, 2001, the date it received his letter to the VA, as the date it received his claim. He contends that his March 5, 2001 letter to the VA is not an approved legal claim form and the letter was not intended to replace his 1971 application for disability benefits. The RO, however, did not treat the March 5, 2001 letter as replacing Mr. Sperlazza's 1971 application. Rather, it interpreted Mr. Sperlazza's correspondence related to his pes planus as a claim for a rating increase, which it granted by increasing his rating from 30% to 50%. To the extent Mr. Sperlazza argues the RO should not have interpreted his letter as a request for rating increase, or interpreted it in some other way, that is a factual inquiry outside of our jurisdiction. *See, e.g.*, *Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004).

Finally, Mr. Sperlazza references the effective date for service connection for his dental condition. That condition, however, was not considered in the 2016 Board decision underlying this appeal and is therefore not properly before the court. We have considered Mr. Sperlazza's remaining arguments and find them unpersuasive.

CONCLUSION

For the foregoing reasons, we dismiss Mr. Sperlazza's appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.