NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAWN MARIE MOORE,**
*Claimant-Appellant*

**v.**

**ROBERT L. WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-2450

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-1005, Judge Michael P. Allen.

---

Decided: April 7, 2020

---

DAWN MARIE MOORE, New Boston, TX, pro se.

DAVID MICHAEL KERR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; BRIAN D. GRIFFIN, EVAN SCOTT GRANT, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, CLEVENGER, and CHEN, *Circuit Judges.*

PER CURIAM.

Dawn M. Moore appeals a United States Court of Appeals for Veterans Claims (Veterans Court) decision affirming the Board of Veterans Appeals' denial of entitlement to an effective date before November 12, 2013 for the award of service-connected disability benefits for Ms. Moore's post-traumatic stress disorder (PTSD). *Moore v. Wilkie*, No. 18-1005, 2019 WL 1511214 (Vet. App. April 8, 2019).  Because we lack jurisdiction, we *dismiss*.

BACKGROUND

Ms. Moore served on active duty from March 1996 to July 2007.  In August 2007, Ms. Moore submitted a claim for benefits for several disabilities.  She was granted benefits for those claims from July 28, 2007, the day after her discharge from service.  One such claim was for migraine headaches for which she was granted a 30 percent disability rating.  S.A. 10–11.[1]

On November 12, 2013, the regional office received Ms. Moore's benefit claim for service connection for PTSD.  S.A. 18.  The regional office granted service connection for PTSD with an effective date of November 12, 2013, the date of receipt of Ms. Moore's claim.  S.A. 17–18.

Ms. Moore appealed to the Board of Veterans Appeals, arguing that she was entitled to an earlier effective date of July 28, 2007 due to her in-service diagnosis of anxiety and depression and treatment for psychiatric symptoms prior to her discharge.  S.A. 17.  The Board denied Ms. Moore's request for an earlier effective date, reasoning that the first claim for service connection for PTSD was received on

---

[1]    Citations to "S.A." refer to the Supplemental Appendix included with the government's brief.

November 12, 2013 and that Ms. Moore had not demonstrated an intent to file a claim for service connection for PTSD prior to that date. S.A. 18–19. The Board found that the mere presence of a diagnosis and treatment for a psychiatric disorder prior to November 12, 2013 in Ms. Moore's medical records did not establish entitlement to an earlier effective date. S.A. 19.

Ms. Moore appealed the Board's decision to the Veterans Court, arguing that the Board failed to recognize her 2007 benefit claim as an informal claim for service connection for PTSD. Specifically, Ms. Moore argued that her medical records, containing references to treatment for psychiatric symptoms in combination with her 2007 claim for service connection for migraine headaches, constituted a claim for service connection for PTSD. S.A. 2. In a single-judge decision, the Veterans Court affirmed the Board's decision, holding that the Board did not clearly err in concluding that Ms. Moore did not intend to seek disability compensation for PTSD prior to November 12, 2013. S.A. 2. Ms. Moore moved for reconsideration or for a panel decision, arguing that "the Memorandum decision overlooked the fact that an informal communication was the main bas[i]s of [her] complaint." J.A. 4.[2] The motion for reconsideration was denied, and a panel of the Veterans Court issued a decision adopting the single-judge decision. S.A. 8. The Veterans Court entered judgment on September 17, 2019. Ms. Moore appeals.

## DISCUSSION

We have limited jurisdiction in reviewing decisions of the Veterans Court. We have jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret

---

[2]    Citations to "J.A." refer to the Corrected Appendix filed by Ms. Moore (Dkt. 21).

constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Except to the extent an appeal raises a constitutional issue, we may not review "a challenge to a factual determination, or [] a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Here, Ms. Moore contests the Board's assignment of November 12, 2013 as the earliest effective date for her PTSD claim. Specifically, Ms. Moore argues that the effective date should be July 28, 2007 because she allegedly made an informal claim for benefits in 2007 through informal communication. The government responds that Ms. Moore seeks review of the application of law to facts, and that such review is beyond our jurisdiction. We agree. The Board considered Ms. Moore's alleged informal claim, but nonetheless found that Ms. Moore's 2007 claims did not evidence her intent to seek benefits for PTSD at that time. The Veterans Court affirmed the Board's decision finding that Ms. Moore did not intend to claim benefits for PTSD when she filed her claims in 2007 for other disabilities. "[F]actual findings of when a disability was claimed or service connection established are not subject to our review." *Butler v. Shinseki*, 603 F.3d 922, 926 (Fed. Cir. 2010); *see also* 38 U.S.C. § 7292(c), (d)(2). Because we do not have jurisdiction to review the factual determinations underlying the Veterans Court's decision, we must dismiss Ms. Moore's appeal.

## CONCLUSION

We lack jurisdiction over the Veterans Court's factual findings that Ms. Moore challenges in her appeal. Accordingly, we *dismiss*.

## DISMISSED

## COSTS

No costs.