NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GILBERTO TORREZ,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1081

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5859, Judge Joseph L. Toth.

---

Decided: August 3, 2021

---

GILBERTO TORREZ, San Antonio, TX, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, MARTIN F. HOCKEY, JR.; Y. KEN LEE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, PROST, and STOLL, *Circuit Judges.*

PER CURIAM.

Gilberto Torrez appeals the decision of the United States Court of Appeals for Veterans Claims, which affirmed a decision of the Board of Veterans' Appeals that denied service connection for Mr. Torrez's elbow, knee, and back injuries and reduced the rating for his right ankle disability.  Because Mr. Torrez raises only factual challenges, we dismiss for lack of jurisdiction.

BACKGROUND

I

Mr. Torrez served in the United States Army from 1970 to 1991.  He reported lower back pain in 1973, 1975, and 1983, but medical examinations concluded that his spine was normal.  S.A. 1.  In May 1985, Mr. Torrez reported right knee discomfort, but a subsequently conducted range of motion test and an X-ray report showed that his knee was normal.  *Id.* at 1–2.  After another examination in June 1985, he was diagnosed with chondromalacia (runner's knee).  In 1986, Mr. Torrez reported left elbow pain while lifting and flexing, but an X-ray revealed a normal left elbow.  Mr. Torrez also reported back pain after doing "a large number of pushups," and the physician concluded that his pain was due to "acute sacroiliitis" (inflammation).  *Id.* at 2.  During an examination in October 1991, Mr. Torrez reported that he had "arthritis, rheumatism, or bursitis;" recurrent back pain since April 1990; that he twisted his right knee during a morning jog; and that he had tennis elbow in his right arm.  *Id.*  The examining physician did not find any abnormalities in Mr. Torrez's back, knees, or elbows.

Following his discharge from the Army in 1991, Mr. Torrez filed a claim for service connection for bilateral elbow, bilateral knee, ankle, and lower back disabilities.

The Department of Veterans Affairs examined him in 1992 and assigned a 10-percent rating for his right ankle but denied service connection for his elbow, knee, and lower back disabilities after the examination reports showed no abnormalities. Mr. Torrez sought to reopen his knee claim in 2004, which the VA denied.

In 2016, Mr. Torrez filed a claim for an increased rating for his right ankle and sought to reopen his service connection claims for his elbow, knee, and back conditions. He received examinations for his ankle in March 2016 and November 2018. The 2018 examiner noted that Mr. Torrez's right ankle showed improved rotation since his 2016 examination, with dorsiflexion from 0 to 15 degrees and plantar flexion from 0 to 35 degrees.

During the November 2018 examination, the examiner also found that his in-service complaints for his elbow, knee, and back conditions did not represent chronic conditions during service and that these current disabilities were not related to service. Regarding his right knee, the examiner diagnosed Mr. Torrez as suffering from patellar tendonitis, degenerative arthritis, medial collateral ligament sprain, and chondrocalcinosis. The examiner determined, however, that these problems were "less likely . . . incurred in or caused by the knee pain and discomfort during service" and that his "current knee conditions . . . represent a different pathological timeline" than his in-service condition. S.A. 82; *see also id.* at 3, 18. The examiner also diagnosed Mr. Torrez with tennis elbow but concluded that the condition was resolved during service. *Id.* at 82.

Next, the examiner determined that Mr. Torrez's back disability was "less than likely . . . incurred in or caused by the complaints of back pain during service" and that there was a "significant absence of continuity of care to support that the condition was chronic and continuous beyond its duration in the military." *Id.* Therefore, the examiner concluded that Mr. Torrez's elbow, knee, and back injuries

were not service related.  Mr. Torrez filed a notice of disagreement with the findings of the 2018 examination.  The VA subsequently confirmed its service connection denials and ankle rating.

## II

Mr. Torrez then appealed to the Board.  In denying service connection for his elbow, knee, and back disabilities, the Board explained that these issues had all resolved during service and did not indicate chronic conditions.  It explained that "[t]he four current conditions [that Mr. Torrez] has today appear to have developed sometime between his separation from service, and 2004."  S.A. 19.  As for his request for an increased rating for his right ankle disability, the Board found that Mr. Torrez was entitled to a 20-percent rating prior to November 2018, and a 10-percent rating after November 2018 because his November 2018 examination showed only moderate limitation in contrast to his March 2016 examination, which showed marked limitation of motion.

Mr. Torrez appealed to the Veterans Court, which affirmed the Board's decision.  *Torrez v. Wilkie*, No. 19-5859, 2020 U.S. App. Vet. Claims LEXIS 1474 (Vet. App. July 31, 2020).  The Veterans Court explained that "establishing service connection requires competent evidence (medical or lay, depending on the circumstances) of a current disability, an in-service incurrence of a disease or injury, and a link between the claimed disability and the in-service disease or injury."  *Id.* at *8 (citing *Marcelino v. Shulkin*, 29 Vet. App. 155, 157 (2018)).  Because Mr. Torrez was diagnosed with various forms of arthritis, which the VA considers to be a chronic condition under 38 C.F.R. § 3.309(a), the court explained that "service connection may be established on a presumptive basis through a showing of chronicity or continuity of symptomatology."  *Id.* at *8–9 (citing *Walker v. Shinskei*, 708 F.3d 1331, 1336 (Fed. Cir. 2013)).  In other words, Mr. Torrez could prove he was entitled to

service connection by providing competent evidence that he suffered from a chronic condition or that his symptoms were continuous.

The Veterans Court determined that Mr. Torrez did not identify any error in the Board's finding of a lack of a chronic condition because the evidence that he cited (diagnoses of various forms of arthritis) did not indicate that the conditions were diagnosed during service. *Id.* at \*9 (citation omitted). As to whether his symptoms were continuous, the court concluded that the Board did not err in finding that Mr. Torrez's in-service complaints resolved during his service and did not indicate chronic conditions. *Id.* at \*12.

The court also noted that the Board did not address Mr. Torrez's 1992 VA medical examination—which did not show any disability of the knees, elbows, or back—and that Mr. Torrez's medical records from the Wilford Hall Medical Center after 1992 were not relevant because they generally pertained to his ongoing heart condition. *Id.* at \*10–11. The court determined that the Board's conclusions were supported by the in-service treatment records and the November 2018 examination because these additional records "confirm that he didn't have chronic disabilities within the presumptive period or don't reference his conditions at all." *Id.* at \*11.

The court then turned to Mr. Torrez's claim for increased rating for his ankle disability. Although the Veterans Court "observe[d] that the Board described the ranges of marked limitation and moderate limitation without specifying the origin of where those standards came from," it noted that the error was not prejudicial and would not have changed the outcome of the decision. *Id.* at \*14–15. Finally, the Veterans Court determined that Mr. Torrez "has not identified any error in the Board's reliance on the November 2018 exam to determine that he is entitled to 20% before November 2018 and 10% thereafter."

*Id.* at \*15.  Mr. Torrez then appealed this decision to our court.

## DISCUSSION

Our jurisdiction in cases from the Veterans Court is limited.  *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).  We may review a decision of the Veterans Court with respect to a rule of law or interpretation of a statute or regulation relied on by the Veterans Court in its decision.  38 U.S.C. § 7292(a).  Absent a constitutional issue, we lack the jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  *Id.* § 7292(d)(2).  "Although the veterans benefits adjudication system is nonadversarial and paternalistic," "the ultimate burden of showing jurisdiction rests with the veteran." *Butler v. Principi*, 244 F.3d 1337, 1340 (Fed. Cir. 2001) (first citing *Collaro v. West*, 136 F.3d 1304, 1309–10 (Fed. Cir. 1998); then citing *McNutt v. GMAC*, 298 U.S. 178, 188–89 (1936)).

On appeal, Mr. Torrez argues that the Veterans Court failed to presume service connection based on the medical evidence before it.  As we explained in *Walker*, § 3.303(b) provides that service connection may be presumed when a disease or injury documented in service is chronic, or when the symptoms have continued since military service.  708 F.3d at 1336.  Considering this regulation, the Board found that the evidence presented did not show the required relationship or correlation between Mr. Torrez's injuries and his military service, and therefore concluded that Mr. Torrez was not entitled to a presumption of service connection. S.A. 19.  The Veterans Court, in affirming the Board's decision, found no error in the Board's analysis of the facts and evidence presented.  It did not rely on an incorrect interpretation of a statute or regulation in coming to its decision, and Mr. Torrez does not identify any regulation or statute that the Veterans Court incorrectly interpreted.

Rather, Mr. Torrez argues that the evidence presented to the Board shows he is entitled to a presumption of service connection for his injuries, which is a factual question that would require us to reweigh the medical evidence. Indeed, Mr. Torrez's arguments challenge only the weighing of the evidence. Because we lack jurisdiction to review the Board's and Veterans Court's assessment of the medical evidence, we dismiss. *See Butler v. Shinseki*, 603 F.3d 922, 926 (Fed. Cir. 2010).

## CONCLUSION

We have considered Mr. Torrez's remaining arguments but find them unpersuasive. For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.