NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONALD LOUIS CHAPMAN, SR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1834

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-4919, Judge Joseph L. Falvey, Jr.

---

Decided: March 15, 2024

---

RONALD LOUIS CHAPMAN, SR., Zachary, LA, pro se.

GALINA I. FOMENKOVA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before MOORE, *Chief Judge*, LOURIE and DYK, *Circuit Judges*.

PER CURIAM.

Ronald L. Chapman appeals a decision of the Court of Appeals for Veterans Claims (Veterans Court) that affirmed in part a decision of the Board of Veterans' Appeals (Board). Because we lack jurisdiction over Mr. Chapman's appeal, we *dismiss*.

## BACKGROUND

Mr. Chapman served on active duty in the U.S. Army from June 1980 to February 1981. Veterans Court Decision at 2.[1] In February 1981, he applied for disability benefits for a left ankle condition. *Id.* The Department of Veterans Affairs (VA) granted a service connection but assigned a 0% rating. *Id.* In January 1989, Mr. Chapman requested a rating increase for his left ankle disability and reported issues in his right foot and knee. *Id.* In May 1989, he applied for disability benefits for a right foot and knee condition. *Id.* The VA denied both claims in June 1989. *Id.* at 3. Mr. Chapman appealed to the Board, and in July 1991, the Board granted an increase to 10% for the left ankle disability but found no right leg disability had been demonstrated. *Id.* Mr. Chapman did not appeal.

In September 1993, Mr. Chapman sought another rating increase for his left ankle disability and a service connection for his right ankle. *Id.* The VA denied both claims in May 1995. *Id.* Mr. Chapman filed a Notice of

———————————

[1] "Veterans Court Decision" refers to the Veterans Court decision found in Mr. Chapman's Appendix, ECF 10-2 at 5–15. The pages cited correspond to the page numbers of the decision itself.

Disagreement for the May 1995 decision but only mentioned the left ankle claim. *Id.*

In August 2003, Mr. Chapman filed a claim for bilateral knee disorders and a right ankle condition. Veterans Court Decision at 3. The VA eventually awarded him a 20% disability rating for both the right knee and right ankle conditions with an effective date of August 5, 2003. *Id.* at 4. In February 2014, Mr. Chapman filed a Notice of Disagreement challenging the effective date for both conditions. *Id.* In November 2016, after a series of denials, he appealed to the Board. *Id.* In December 2018, the Board issued a decision denying earlier effective dates for multiple conditions, including the right knee and right ankle conditions. 2018 Board Decision at 9–12.[2] The Board found that Mr. Chapman's 1989 claim was adjudicated and became final after the Board's July 1991 decision, and that his 1993 claim was denied in the VA's May 1995 rating decision, which he did not appeal. *Id.* at 10–11. The Board thus denied Mr. Chapman's claim for an earlier effective date for service connection. *Id.* at 11–12. Mr. Chapman appealed to the Veterans Court.

The Veterans Court affirmed the Board's decision. Veterans Court Decision at 8–9. The court concluded that the Board did not clearly err in finding that any prior right ankle and knee claims had been finally adjudicated. *Id.* Specifically, the court reasoned that the Board had a plausible basis to find that the July 1991 decision and the May 1995 decision both denied Mr. Chapman's claims for a service connection for his right ankle and knee conditions. *Id.*

---

[2] "2018 Board Decision" refers to the Board decision found in Mr. Chapman's Appendix, ECF 10-2 at 16–32. The pages cited correspond to the page numbers of the decision itself.

Thus, the court affirmed the Board's denial of an earlier effective date. *Id.* at 11. Mr. Chapman appeals.[3]

## DISCUSSION

Our jurisdiction over decisions of the Veterans Court is limited. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Mr. Chapman argues the Board clearly erred regarding his claims for an earlier effective date for his right ankle and knee conditions. Informal Opening Br. at 2–7.[4] He argues the Board incorrectly interpreted the Board's July 1991 decision as adjudicating his 1989 claim. *Id.* at 5 (citing *Gilbert v. Derwinski*, 1 Vet. App. 49 (1990)). He also argues the Board failed to follow the benefit of the doubt rule when reviewing his form filed in January 1989. *Id.* at 6–11 (citing 38 U.S.C. § 3007(b) (1988) (benefit of the doubt doctrine), 38 C.F.R. § 3.102 (reasonable doubt regulation), and 38 C.F.R. § 3.155 (informal claim regulation)). Mr. Chapman further argues the Board failed to appreciate his Notice of Disagreement for the May 1995 rating decision was an appeal of the entire decision. *Id.* at 14–15. He

---

[3] The Veterans Court remanded Mr. Chapman's claims for an earlier effective date for a left knee disability, bilateral pes planus, and a 20% rating for a left ankle disability. Mr. Chapman does not appeal the remanded claims.

[4] "Informal Opening Br." refers to Mr. Chapman's Informal Brief, ECF 18-1 at 4–17.

contends there was a question of doubt as to his right knee and right ankle conditions based on his filings in January 1989, September 1993, and August 1995 such that the Veterans Court should have reversed the Board's decision. *Id.* at 15–17.

Each of Mr. Chapman's arguments either challenge factual determinations or the application of laws or regulations to the facts of his case. We lack jurisdiction over these arguments. 38 U.S.C. § 7292(d)(2). For example, Mr. Chapman argues the Veterans Court's decision does not mention the form he filed in January 1989, which identified issues with his bilateral knees and right ankle. Informal Opening Br. at 4. This argument challenges a factual finding in the record, which is not subject to our review. He also argues the Veterans Court erred because the Board's 1991 decision does not mention his right knee or right ankle conditions. *Id.* at 4–5. This argument challenges the Veterans Court's application of the law to the facts of his case. Veterans Court Decision at 8–9. We do not have jurisdiction to review application of law to facts. 38 U.S.C. § 7292(d)(2).

Mr. Chapman argues we have jurisdiction over his appeal because he cited statutes and regulations in his brief. Informal Reply Br. at 2–4. Our jurisdiction is determined based on whether the case presents a question of law, including interpretations of constitutional and statutory provisions. 38 U.S.C. § 7292(d). Mr. Chapman cited statutes and regulations in his brief, but the Veterans Court did not interpret any laws or regulations in its decision. Instead, the Veterans Court reviewed the Board's decision for clear error. Veterans Court Decision at 8–9 (citing *Gilbert*, 1 Vet. App. at 53 in applying the "clearly erroneous" standard of review). This application of law to the facts of the case is not subject to our review.

Mr. Chapman's other arguments essentially ask us to review the record and Board's decision on the

determination of his effective date for service connection, which are factual findings not subject to our review. *Butler v. Shinseki*, 603 F.3d 922, 926 (Fed. Cir. 2010).[5] Because Mr. Chapman disputes factual findings and the application of laws to the facts of his case, we lack jurisdiction over his appeal.

## CONCLUSION

We have considered Mr. Chapman's remaining arguments and find them unpersuasive. Because his appeal does not raise issues within this Court's limited jurisdiction, we dismiss.

## **DISMISSED**

### COSTS

No costs.

---

[5] Mr. Chapman's mention of due process does not suffice to raise a constitutional issue within our jurisdiction. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[The appellant's] characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").